WILLIAM G. HARDEY AND THOMAS J. MARSHALL, *surviving obligors of* NATHANIEL HATTON AND JOSEPH N. BURCH, Jr. *vs.* SAMUEL COE, *Administrator of* ALEXANDER MUNDELL, *use of* J. B. BROOKE, *Administrator of* RICHARD PEACH.— *December*, 1847.

Where it does not appear from the record, that any question was raised in the county court as to the form, or sufficiency of the pleadings, this court is not at liberty to act upon such questions.

In an action upon an injunction bond, the recitals and condition of which mentioned a judgment, the defendant pleaded general performance. The plaintiff assigned a breach, to which the defendant rejoined no such record of judgment as the plaintiff in his assignment hath alleged. This rejoinder is bad on demurrer.

When the fact of a judgment obtained is admitted in the recital and condition of a bond, the obligors are estopped from denying it in their pleadings.

But where in such a case a demurrer was not resorted to, and the plaintiff surrejoined there was such a record, and prayed that it might be enquired of by the court, and the defendant doth the like; this makes an issue of no such record, which is a matter of law to be tried by the court.

Where there are both issues of law and fact, it is the duty of the court to dispose first of the issue of law.

Upon the judgment of the county court, rendered upon the issue joined of *nul tiel record*, that there is such a record, this court is bound to believe that the county court made its decision by an inspection of the record.

At the trial before the jury, the plaintiff took a bill of exceptions, in which it was stated that he, to support the issue joined on the plea of *nul tiel record*, offered a record in evidence to the jury. This was objected to, but the court permitted it to be read. By the decision the defendant sustained no injury, and had no right to complain; as he by his pleading, had admitted every fact which the record could establish.

A party cannot be injured by his opponent's offering evidence, whether competent or incompetent, to prove facts admitted by the pleadings, or the truth of which the objecting party is estopped from denying, or which the court is bound under the circumstances of the cause to assume.

Upon the plea of payment of a judgment, the party must prove the payment of the whole judgment, and not a part thereof.

Where a partial payment, as a compromise, is of such a character as to bar the plaintiff's right to recover, it ought to be pleaded by way of accord and satisfaction, and not as a payment.

Where there is nothing more than a simple payment, and acceptance of a less sum of money, in satisfaction of a greater sum due, this will not sustain the plea of accord and satisfaction.

Hardey et al. *vs.* Coe, use of Brooke.—1847.

APPEAL from *Prince George's* County Court.

This was an action of *debt*, brought on the 21st October, 1844, by the appellees against the appellants, on the bond of the appellants, sealed on the 20th July, 1833, reciting that "the above bound *N. H.* has obtained from *Prince George's* county court, as a court of equity, an injunction to stay proceedings at law on a judgment rendered against him in *P. G.* county court, in favor of the said *A. M.,* for the sum of $864, with interest from 28th May, 1825, until paid, and costs, which said judgment now stands entered for the use of *J. B. B.,* administrator of *Richard Peach,* with condition to prosecute the injunction with effect, and pay, &c., unless, &c."

The defendants pleaded general performance by *N. H.*

The plaintiffs replied, that it was so proceeded on the bill in equity, mentioned in the condition of the said writing obligatory, and filed by the said *Nathaniel,* on the equity side of *Prince George's* county court, that afterwards, at a court of Chancery, held at *Annapolis,* at the March term, eighteen hundred and forty-four, to wit: on the twenty-seventh day of June, in the year last aforesaid, before the Honorable *Theodorick Bland,* Chancellor, (to which said Court of Chancery, the said cause had been removed, according to the act of Assembly, in such case made and provided,) it was by the said Court of Chancery, then and there adjudged, ordered and decreed, that the injunction issued in the said cause, to stay execution of the judgment aforesaid, of *Prince George's* county court, be discontinued and dissolved ; and that the said bill of complaint be dismissed.   And the said plaintiff avers, that no further proceedings have been had in the premises, but the same decree remains in full force, and not reversed, as by the record thereof, in the said court remaining, fully appears; and the said plaintiff says, that the said sums of money, mentioned in the condition of the said writing obligatory, nor any part thereof, has been paid to the said *Alexander Mundell,* or his administrator, nor to the said *Richard Peach,* or to his said administrator, either in the life-time of the said *Nathaniel Hatton,* or since his death, by his said administratrix, and this the said plaintiff is ready to verify ; wherefore, &c.

The said defendants rejoined :

1st. That there is no such record of said judgment in the said court, as the said plaintiff, in his said replication, hath alleged; and this they are ready to verify, &c.

2nd. That after the said recovery of the said debt and damages, and before the issuing of the original writ in this cause, to wit: on the        day of        at the county afore-said, they, the said defendants, paid to the said plaintiff, the said debt and damages, in form aforesaid recovered; and this they are also ready to verify, &c.

The plaintiff surrejoined, that there is such record of the judgment aforesaid, and recovery of the debt, damages, costs and charges aforesaid, as he above doth suppose, as appears of record in the said term in *Prince George's* county court; and this, he prays, may be enquired of by the record; and the said defendants do the like, &c.

And as to the second rejoinder, the plaintiff traversed the same on which issue was joined, &c.

Upon which, the record aforesaid, being seen and inspected by the court here, it sufficiently appears to the same court, that there is such a record of recovery against the said *Nathaniel Hatton*, at the suit of the said plaintiff, as the said plaintiff hath above in that behalf alleged. Therefore, &c.

A jury was then sworn to try the issue upon the 2nd rejoinder, and found a verdict for the plaintiff.  $1028 35.

EXCEPTION.  At the trial of this cause, the plaintiff, to support the issue joined on the plea of *nul tiel record*, offered in evidence to the jury, the following record of proceedings, in *Prince George's* county court, as a court of equity, subsequently removed to the Court of Chancery, which is as follows, to wit:

This was the record of the equity cause, to which the bond referred, and which was dismissed by the Chancellor at the final hearing, under the following agreement:

It is hereby agreed, that the decree of the Chancellor, passed in this cause on the 29th March, 1844, may be struck out, and a new decree passed, dissolving the injunction, and dismissing the

bill, each party paying his own costs. And it is further agreed, that the defendant, *John B. Brooke*, administrator of *Peach*, shall then proceed to collect the money due on the judgment in the proceedings mentioned; and that when collected, it shall be applied as follows:—the sum of five hundred dollars to be retained by said *Brooke*, adm'r as aforesaid: three hundred and twenty-five dollars to *Joseph Hatton*, and the residue to *Eleanor B. Hatton*, as assignee of *Anne Hawkins*—the said *Eleanor B. Hatton*, as adm'x of *Nathaniel Hatton*, not being entitled to any part thereof. *26th June*, 1844."

The defendants, by their attorney, objected to the admissibility of the decree of the Chancellor, passed on the 27th June, 1844, as contained in said record, and the whole of said record, to support the issue joined on the said plea of *nul tiel record;* but the court overruled the objection, and permitted the said decree and record to be read, and gave judgment for the plaintiff on the issue of *nul tiel record.*

To which opinion of the court the defendant excepted.

The defendants then to support the issue on their part joined on the plea of payment, proved to the jury, that on the 29th March, 1844, the sum of five hundred dollars was paid by the defendants to the beneficial plaintiff, *John B. Brooke*, as the adm'r of *Richard Peach*, on a compromise and agreement made between the said *Brooke*, and the other parties to the said proceedings in Chancery, dated 29th March, 1844, and contained in said record, which sum was in full of the amount due to the said beneficial plaintiff, as the adm'r of said *Peach*, of the original judgment referred to in the defendant's injunction bond, sued on in the present action; but that the said sum was not in fact the whole amount due on the said judgment.

Whereupon, the defendants prayed the court to instruct the jury, that if they believe from the evidence, that the said sum of five hundred dollars was paid to the said beneficial plaintiff, prior to the institution of this suit, and was accepted by him in full of the interest, in the judgment against *Nathaniel Hatton*, referred to in the condition of the bond sued on in this action; that then they must find a verdict for the defendants, on the

said issue joined on the plea of payment; but the court (KEY and CRAIN, A. J.,) refused to give the said prayer. To which opinion of the court, and to their refusal to grant the defendants' prayer, the defendants excepted, and prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By T. F. BOWIE for the appellants, and

By W. H. TUCK for the appellees.

DORSEY, J., delivered the opinion of this court.

Although some discussion has taken place as to the form or sufficiency of the pleadings in this cause, we are at liberty to act upon no such question; as it does not appear from the record that any such question was raised or decided in the court below.

The judgment, mentioned in the recital and condition of the injunction bond, on which the present action was instituted, is a judgment rendered against *Nathaniel Hatton*, in favor of *Alexander Mundell*, in *Prince George's* county court. The defendants in their plea having pleaded general performance, the plaintiff, in his replication charges, as the breach of said bond, the dissolution of the injunction, and dismissal of the bill on which it issued, and the non-payment of the judgment of *Prince George's* county court, and mentioned in the condition of the said writing obligatory; (that is, the bond on which this action is instituted.) The defendants in their rejoinder say, " that there is no such record of said judgment in the said court, as the said plaintiff, in his said replication hath alleged." Had the pleadings been conducted in proper form, this rejoinder would have been bad on demurrer. The fact of the judgment being admitted in the recital and condition of the bond, the obligors were estopped from denying that fact in their pleadings. But the proper form of pleading to admit of such a demurrer, having been departed from, the plaintiff by his surrejoinder says, that there is such record of the judgment

25    v.5

aforesaid in *Prince George's* county court; "and this he prays may be enquired of by the court; and the defendant doth the like," &c., and thus was the issue joined of *nul tiel* record. An issue of fact upon the rejoinder of payment was also joined. There were then two, and only two issues, in the cause; the one of law to be tried by the court; and the other of fact to be tried by the jury. The court, as was its duty to have done, first disposed of the issue at law; as to the alleged judgment in *Prince George's* county court, and the mode in which they did so, is thus stated in the record before us: "upon which the record aforesaid, (that is, the record of the judgment in *Prince George's* county court, mentioned in the pleadings in the cause, and to which the inquiry of the court had been prayed,) being seen and inspected by the court, it sufficiently appears to the same court, that there is such a record of recovery against the said *Nathaniel Hatton*, at the suit of the said plaintiff, as the said plaintiff hath above in that behalf alleged." By this proceeding of the court, the plea of *nul tiel* record was definitively disposed of; and we are bound to believe, as stated in the record before us, that the court made its decision by the inspection of the record of the judgment in *Prince George's* county court. The record before us then proceeds, as follows: "whereupon, for trying the issue aforesaid above joined, between the parties aforesaid, (which issue was the fact of payment of the judgment,) it is ordered by the court," &c. in the usual form, that a jury be empannelled and sworn, which was accordingly done, and the verdict, as to the payment, was found against the defendants.

At the trial before the jury, the plaintiff took a bill of exceptions, in which it is stated, that "the plaintiff to support the *issue* joined on the plea of *nul tiel* record, offered in evidence to the *jury*, the following record of proceedings in *Prince George's* county court, as a court of equity, subsequently removed to the Court of Chancery," being a transcript of the proceedings in equity, in which the injunction bond was given, on which the present action was instituted. Why this evidence was offered by the plaintiff to the jury upon the plea

of *nul tiel* record, it is difficult to form a conjecture, unless he believed that the issue on the plea of *nul tiel* record was not exclusively confined to the alleged judgment in *Prince George's* county court. But that upon the plea of *nul tiel* record, there was another issue which denied the existence of the equity proceedings stated in the replication; and which latter issue was to be tried by the jury, and not by the court. To the admissibility of those proceedings in equity, to support the issue joined on the said plea of *nul tiel* record, the defendants objected; but the court overruled the objection, and permitted the said decree and record to be read, and gave judgment for the plaintiff on the issue of *nul tiel* record. Whether the court in overruling the defendants' objection to the record, permitted it to be read to the jury, as from the language of the exception, is not improbable, and then reiterated the decision it had theretofore made on this plea of *nul tiel* record, or assuming to itself the decision of this newly alleged issue, examined and inspected it, and pronounced its decision thereon, by no means conclusively appears. Nor is it material for this court to determine. By the decision of the court below, made in due form of law, and at the proper time, before the jury were sworn, the only issue joined on the plea of *nul tiel record* was adjudicated. And by the court's decision on the transcript offered in evidence, the defendants sustained no injury, and consequently had no right to complain. By the pleadings of the defendants, they had admitted all the facts alleged in the plaintiff's replication, except the judgment in *Prince George's* county court, and its non-payment. The allegations, as to the proceedings in equity, the defendants admitted to be true. How then could the defendants be injured by the plaintiffs offering evidence, whether competent or incompetent, to prove facts which under the pleadings in the cause, they admitted to be true, and the truth of which the court were bound to assume, whether established or not, by the proof gratuitously offered by the plaintiff? The court's admission of the testimony, objected to by the defendants, therefore, whether right or wrong, forms no ground for the reversal of its judgment.

" The defendants, to support the issue on their part joined on the plea of payment, proved to the jury, that on the 29th of March, 1844, the sum of five hundred dollars was paid by the defendants to the beneficial plaintiff, *John B. Brooke*, as the administrator of *Richard Peach*, on a compromise and agreement made between the said *Brooke* and the other parties to the said proceedings in Chancery, dated 29th March, 1844, and contained in said record, which sum was in full of the amount due to the said beneficial plaintiff, as the administrator of said *Peach*, of the original judgment referred to in the defendants' injunction bond, sued on in the present action; but that the said sum was not in fact the whole amount due on the said judgment." " Whereupon, the defendants prayed the court to instruct the jury, that if they believe from the evidence, that the sum of five hundred dollars was paid to the said beneficial plaintiff, prior to the institution of this suit, was accepted by him in full of his interest, in the judgment against *Nathaniel Hatton*, referred to in the condition of the bond sued on in this action, that then they must find a verdict for the defendants, on the said issue joined on the plea of payment; but the court refused to give the said prayer;" and this refusal forms the ground of the defendants' second exception; and for which they claim the reversal of the judgment of the court below.   The defendants' plea of payment did not allege a payment of the judgment in part, but a payment of the entire judgment.   To have entitled them to a verdict, they must have proved payment of the whole judgment, and not of a part thereof.   Their proof offered showed but a partial payment of the judgment; and admitted that it was not of the whole amount due thereon.   The court, therefore, on the pleadings before it, could not have done otherwise than refuse 'the defendants' prayer.

If the partial payment, stated in the testimony as a compromise, had been of such a character as to bar the plaintiffs' right to recover, it ought to have been relied on by the defendants, by way of a plea of accord and satisfaction—not as a payment of the entire judgment.   But if the plea of accord

and satisfaction had been interposed, it would have been of no avail to the defendants; the testimony in the cause showing the transaction to have been destitute of those requisitions, which are indispensable to the successful interposition of such a plea. It is apparent from the testimony, that the defence asserted, was nothing more than the simple payment and acceptance of a less sum of money in satisfaction of a greater sum due; and therefore could not sustain a plea of accord and satisfaction.

The judgment of the county court should be affirmed.

**JUDGMENT AFFIRMED.**