WILLIAM M. MARSHALL, *vs.* JOHN HANEY.—*December* 1851.

Evidence of what a witness said under oath in a former trial, is admissible in a subsequent suit, between the same parties when the witness is dead, or out of the jurisdiction of the court, or cannot be found after diligent search, or is insane, or sick, or unable to testify, or is kept away by the adverse party after summons.

In an action of covenant, where the plaintiff in his declaration assigns particular breaches, the defendant cannot plead general performance, he must meet the allegations of the particular breaches.

Where an objection is taken to the admissibility of evidence generally, this court is not prevented by the act of 1825, ch. 117, from examining the pleadings, because the admissibility of the evidence is entirely dependent upon them.

Evidence of the contents of receipts, given at the land office, to parties who take up lands, is not admissible, though the witness proved that it was the custom of said office, to require such receipts to be delivered up, when patents are issued.

The non-production of written instruments, must be accounted for, before evidence of their contents can be given.

The acceptance of a deed by the covenantee, in discharge of a covenant to convey, will, in the absence of mistake, misrepresentation, or fraud, discharge the covenantor, though the land conveyed be not the identical land mentioned in the covenant.

The conveyance by the covenantee, of the same land to a third party, is, in the absence of evidence, of mistake, misrepresentation, or fraud, evidence of his acceptance of the deed conveying this land to him from the covenantor, under the covenant.

A party agreed to convey certain lands, in part payment for the purchase money of other lands; in an action for the breach of this agreement, HELD: That the time at which the breach occurred, was the period at which the value of the lands should be estimated, in assessing damages.

APPEAL from *Washington* county court.

This was an action of *covenant* brought by the appellee against the appellant, upon the agreement referred to and set out in the opinion of this court.

The declaration after averring performance of the agreement on the part of the plaintiff, charges three breaches by defendant. 1st. That he had refused to give possession or convey the *Missouri* lands to plaintiffs. 2nd. That he had conveyed two hundred acres, part of said lands, to one *Samuel Zellers,*

in breach of the contract; and 3rd. That he had refused to pay the $5300 for the *Allegany* lands, according to the terms of the agreement. The rest of the pleadings are stated in the opinion.

At the first trial, the jury rendered a verdict for the plaintiff, and assessed the damages at $2250; the court, (MARTIN, C. J., and WEISEL, A. J.,) granted a new trial, because the damages were excessive. The new trial was then had *under the same state of the pleadings*, and various exceptions were taken by the defendant.

1ST EXCEPTION. The plaintiff after offering in evidence the agreement, and admitting the money payments by the defendant, offered a deed of the *Allegany* lands, which was admitted to have been accepted by defendant as a performance of the plaintiff's covenant to convey, and rested his case. The defendant then offered two deeds, one executed by defendant and wife, 14th of September, 1844, conveying certain lands in *Missouri* to *Haney*, the plaintiff; the other executed by *Haney* and wife, dated 12th of March, 1845, conveying the same lands to one *Chaney*. The handwritings of the several grantors being proved, the defendant then offered the notice to produce these deeds which had been duly served upon plaintiff's counsel, and then proved by *J. D. Roman, Esq.*, that these deeds were produced in court at the former trial by *Mr. Spencer*, the plaintiff's then counsel. The plaintiff then offered to prove by said *Roman* the facts stated in the opinion of this court on this exception, and to the overruling of his objection to the admissibility of this evidence, the defendant excepted.

2ND EXCEPTION. The defendant offered certain patents, (some original, and duly authenticated copies of others,) from the government to *Rench* and *Zellers* for certain lands in *Missouri*, and certain agreements between *Rench* and *Zellers* and *Marshall*, for a sale of these lands to the latter. To this evidence, the plaintiff objected, urging that the patents and conveyances should be produced, or their absence accounted for before any subordinate evidence could be received: that said papers were not referred to in the agreement sued on, and it

did not appear that *Haney* had any knowledge of their exis-
tence. The court sustained this objection, and defendant ex-
cepted.

3RD EXCEPTION. The defendant then, in connection with
the above agreements, offered to prove by *Zellers* that witness
was authorised by *Rench*, as his agent, to sell, and did,
as agent, sell to *Marshall* the lands patented to *Rench*,
together with those patented to himself. By *Judge Weisel*,
that said agreements are in his handwriting, and prepared by
him at the request of the parties thereto, and have remained
in his possession to the present day. The court sustained the
plaintiff's objection to this evidence, and defendant excepted.

4TH EXCEPTION. The defendant then, for the purpose of
showing sale of the lands from *Rench* and *Zellers* to *Marshall*,
offered to prove by *Zellers* that when witness called on *Judge
Weisel* to prepare said agreements, he had duplicate receipts
from the land office at *Palmyra, Missouri*, obtained by him
and *Rench*, at the time said lands were taken up by them,
which receipts he delivered to said *Weisel*. By *Judge Weisel*,
that he copied the description of said lands in said agreements,
from these receipts, and then delivered the same to *Marshall*,
And by *Zellers*, that it was the custom of the general land
office to require the receipts to be delivered up when patents
are obtained for the lands. The plaintiff objected to this evi-
dence of their contents, because the receipts themselves were
not produced, which objection the court sustained, and defen-
dant excepted.

5TH EXCEPTION. The defendant then prayed the court to
instruct the jury, that the acceptance by *Haney* of the deed
from *Marshall*, for the 320 acres of *Missouri* lands, mentioned
in the articles of agreement on which suit is brought, was *prima
facie* a full performance of *Marshall's* covenant to convey,
which by such acceptance became discharged, and the execu-
tion by *Haney*, of a deed for the same lands to *Chaney*, is an
admission of his acceptance of the deed from *Marshall*, and
the plaintiff is not entitled to recover. But the court rejected
this prayer, upon the ground that there was no evidence from

which the jury could find, that the land mentioned in the deed from *Marshall* to *Haney*, was the land mentioned in the articles of agreement in suit.    Defendant excepted.

6TH EXCEPTION. The plaintiff then offered the agreement sued on as evidence, though not conclusive, of the damages he is entitled to recover upon the issues joined.    The defendant objected because the agreement does not speak of the value of the *Missouri* lands, at the time of the breach, and such valuation was not intended by the parties as stipulated damages in the event of a breach.    But the court overruled the objection, and permitted the agreement to be offered under both breaches, being of opinion, that it was an element of proof upon the first breach to show in connection with other facts the value of the land in 1844, and on the second, as evidence from which the jury may find that $2100 of the purchase money was due. Defendant excepted.

7TH EXCEPTION. Defendant then offered a deed from *Zellers* to *Marshall*, dated 10th of September 1842, conveying 320 acres of land in *Clarke* county, *Missouri*, and proved by *Zellers* that this was for the 320 acres taken up and patented by witness as aforesaid, and prayed the court to instruct the jury that in estimating damages, they must deduct the value of the 120 acres of land conveyed from *Marshall* to *Haney*, being a part of the land, which defendant was under covenant to convey to the plaintiff.    But the court rejected the prayer as tendered, and added the qualification that the jury must find that when *Chaney* accepted said deed he had knowledge that it contained only 120 acres of the land covered by the agreement sued on in this case.    Defendant excepted to this qualification.

8TH EXCEPTION. Defendant for the purpose of reducing the damages on both breaches, offered to prove by *Zellers*, that in 1845, the *Missouri* land referred to would not have sold for $1.25 per acre.    The court rejected this evidence upon the second breach, but admitted it on the first.    Defendant excepted.

9TH EXCEPTION. This exception was taken by defendant

to the court's refusal to grant his prayer, that *Haney's* execution of the deed to *Chaney*, is an admission that he accepted the deed conveying the same land to him by *Marshall*, and he is estopped from denying that he knew and understood what fractions of sections were conveyed by said deed of *Marshall* to him.

10TH EXCEPTION. The defendant prayed the court to instruct the jury that the plaintiff is not entitled to recover under the 2nd breach, interest on the $2100, for a date prior to the 1st of April 1844, which the court rejected and instructed the jury, that they might in their discretion allow interest from the 1st of April 1842. Defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before SPENCE, MAGRUDER and FRICK, J.

By PRICE and ROMAN for the appellant, and
By J. SPENCER, for the appellee.

SPENCE, J., delivered the opinion of this court.

This action was brought by *Haney* against *Marshall*, for an alleged breach of an agreement, entered into between them, on the 23rd day of December, 1842. By this agreement, *Haney*, on his part, agreed to bargain and sell to *Marshall*, in fee-simple, one hundred and twenty-five acres of land in *Washington* county, *Maryland;* and *Marshall* agreed to pay for said land, five thousand, three hundred dollars, to be paid in the manner therein stated, "that is to say, *Marshall* agrees and binds himself to convey to said *Haney*, his heirs and assigns, in fee-simple, by a good and sufficient deed of bargain and sale, clear of all incumbrances, three hundred and twenty acres of land, situate, lying and being in *Clark* county, and State of *Missouri*, being the same land which was purchased from the government by a certain *Samuel Zellers* and *John A. Rench,* and by the said *Rench* and *Zellers* sold to said *Marshall;* the said three hundred and twenty acres of land in *Missouri,* is valued at twenty-one hundred dollars, and the said

*Haney* agrees to receive said three hundred and twenty acres of *Missouri* land, in part payment of the said one hundred and twenty-five acres of land, at the price of twenty-one hundred dollars;" and *Marshall*, on his part agreed to pay *Haney* the balance of the five thousand, three hundred dollars, as follows: the sum of fifteen hundred dollars, on the first day of April 1842; the sum of eight hundred and fifty dollars, on the first day of April 1843; and the sum of eight hundred and fifty dollars, on the first day of April 1844. It was further stipulated, between the parties, that upon the payment of the whole of the above purchase money, *Haney* was to convey the one hundred and twenty-five acres of land to *Marshall*, and *Marshall* agreed to convey the said three hundred and twenty acres of *Missouri* land, at the same time he, the said *Marshall*, received the deed from *Haney*, for the one hundred and twenty-five acres of land as aforesaid.

. The plaintiff, in his declaration, assigned three distinct breaches of this covenant; to which declaration, the defendant pleaded general performance, which plea concludes with a verification, &c., and in this state of the pleadings a jury was sworn to try the issue.

We take occasion here to say, that the pleadings in this cause, have given us more embarrassment, and investigation to dispose of them, than all the legal propositions would have done, under the usual, and proper form of pleading.

At the trial of this cause the defendant proved by *J. D. Roman, Esq.*, " that certain deeds were produced· in court, at the last term, by *Mr. Spencer*, the plaintiff's counsel, during the former trial of this case. And the plaintiff then offered to prove by said witness, that during the said former trial, and sometime after the said deeds were offered in evidence, and after the intervention of other proceedings, the said *Spencer* was sworn in behalf of the plaintiff in the cause, and testified, that he had found said deeds among the papers of *D. G. Yost*, deceased, after the death of said *Yost*, when looking for the agreement, upon which this suit was brought." To which evidence of *J. D. Roman* thus offered by the

plaintiff, the defendant by his counsel objected, but the court overruled the objection, and admitted the evidence to go to the jury, and the defendant excepted.

We think the court erred in overruling the defendant's objection and allowing this evidence to the jury, and shall disprove of this exception by a single reference to *Greenleaf's* work on evidence, *vol.* 1, *sec.* 163, where he says, "the chief reasons for the exclusion of hearsay evidence, are the want of the sanction of an oath, and of any opportunity to cross-examine the witness. But, where the testimony was given under oath, in a judicial proceeding in which the adverse litigant was a party, and where he had the power to cross-examine, and was legally called upon so to do, the great and ordinary test of truth, being no longer wanting, the testimony so given is admitted, after the decease of the witness in any subsequent suit between the same parties. It is also received, if the witness though not dead, is out of the jurisdiction, or cannot be found after diligent search, or is insane, or sick, or unable to testify, or has been summoned, but appears to have been kept away by the adverse party." If *Mr. Spencer* the witness, was in court the plaintiff if he wished his testimony to go to the jury, should have had him sworn and examined.

In the further progress of the trial, the defendant proposed to offer in evidence to the jury certain patents and agreements between *Wm. M. Marshall* and *Samuel Zellers* and *Samuel Zellers* and *John A. Rench*, to the admissibility of which patents and agreements the plaintiff by his counsel objected and the court sustained the objection. The question of the admissibility of this evidence could only be determined by ascertaining the fact, whether they were competent and admissible to prove the issue. The patents were not inadmissible for the reason assigned in the objection made to them by the plaintiff's counsel. Several of them were original patents, and the others were copies properly authenticated by the proper officer. *Vide* the act of Assembly, 1785, ch. 46, sec. 7; and 5 *Peters*, 233. The agreements offered with the patents, seem to have been the originals, and therefore were not obnoxious to this objection.

33    v.9

But if these instruments were not inadmissible for the reasons assigned by the plaintiffs, were they so for any reason? We think they were not admissible. We have before said this question must be determined by ascertaining whether the evidence was competent and pertinent to prove the issue.

*Greenleaf* in his work on evidence *vol. 1, sec. 51* says. "The pleadings at common law, are composed of the written allegations of the parties, terminating in a single proposition distinctly affirmed on one side, and denied on the other, and called the issue." And it is an established rule, which we state as the first rule governing in the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue." In order then, to determine the *competency* and admissibility of these patents and agreements, we must ascertain whether there be any *issue in this case*, and if there be, what that issue is. We have before stated that the plaintiff had assigned three special breaches of the defendant's covenant, to which declaration, the defendant pleaded general performance with a verification, &c.

This cannot be done. The defendant was bound to meet the allegation of the particular breaches. Issue cannot be taken, on a general plea of performance, and the plaintiff, if driven to reply, would be obliged to repeat his declaration.

" An issue is a single, certain, and material point, arising out of the pleadings of the parties and generally should be made up of an affirmative and negative." The breaches assigned in this declaration are special, the plea is one of general performance. 5th *Peters*, 148, *Simonton vs. Winter and Bowman.*

There being no issue joined in this case, the conclusion is irresistible, that evidence could not be competent and admissible to go to the jury, to prove that which was not framed by the pleadings.

Nor is this court concluded by the act of 1825, ch. 117, from the consideration of this question. In the case of *Leopard, vs. The Ches. & Ohio Canal Company*, 1 *Gill*, 228, when reasoning upon the operation and effect of this act, the learned judge says " where an objection is made to the admissibility

of evidence offered generally in a trial before a jury, then the attention of the court is necessarily called to the pleadings in the cause; the admissibility of the evidence being entirely dependent on them, the court cannot judge of its pertinence or materiality, but by their inspection " and he assimilates an objection to evidence in this particular to a demurrer or motion in arrest of judgment. We think, therefore, the court did not err by rejecting this evidence.

The court did not err in rejecting the evidence of *Zellers* in the third bill of exceptions. Parol evidence was not competent to prove the agency and sale of land. If an issue had been joined on the second breach assigned in the plaintiff's declaration, we incline to the opinion that judge *Weisel's* evidence would have been admissible, but under the pleadings in the cause the court properly rejected it.

The court committed no error by rejecting the evidence of the contents of the receipts mentioned in the fourth exception. The non-production of a written instrument, must be accounted for before evidence of its contents can be given. It is true, in this case, that *Zellers* testified to the custom of the land office, requiring receipts to be given up, but there was no evidence that these receipts had been surrendered up at the land office. And again, this evidence was properly rejected, because it was not pertinent and competent to any issue in the cause.

If issue had been joined on the second breach assigned in the plaintiff's declaration, we think the court should not have rejected the defendant's prayer in the fifth exception. A deed had been executed by *Marshall* to *Haney*, for lands in *Clarke* county, *Missouri*, and if the lands conveyed by *Marshall's* deed, were not the identical lands named and described in the agreement between *Marshall* and *Haney*, yet, in the absence of evidence of mistake, misrepresentation or fraud, if *Haney* accepted this conveyance from *Marshall*, in discharge of this stipulation in the agreement of the 23rd of December, 1842, it did discharge him.

It is also the opinion of this court, that in the absence of evidence of mistake, misrepresentation, or fraud, the convey-

ance from *Haney* to *Chaney* of the same lands which were conveyed from *Marshall* to *Haney*, was a fact which the court might have instructed the jury was evidence that *Haney* had accepted the deed from *Marshall* under his agreement of the 23rd of December, 1842, but as we have before said, the court were not wrong in refusing this instruction under the pleadings in this cause.

We think the court erred in permitting the evidence offered by the plaintiff in the sixth exception, to go to the jury, because it was not competent and admissible to prove any issue in the cause. Under a correct state of pleading, it might have been evidence to aid the jury in the assessment of damages, but on the breach only, which was assigned for the non-conveyance of the 320 acres of land in *Clarke* county *Missouri*.

We think the court were correct in rejecting the evidence in the seventh section, for the reasons given on the second exception, but wrong in the qualification which they made in their instruction.

The court did not err in the eighth exception, for the reason given on the second exception, but if issue had been joined on the plaintiff's second breach, the time at which the breach of the agreement occurred, was the point of time at which the value of the *Missouri* land should have been estimated. *Vide* 1 *Brockenbrough's Rep.*, 218. *Letcher and Arnold, vs. Woodson*, (note to the opinion of the court.) 6 *Wheat. Rep.*, 109, *Hopkins vs. Lee*. 6 *Har. and John.*, 297, *Cannell vs. M'Clean*. If the agreement was admissible to prove the value of the land in 1842, why should not the evidence of *Zellers* be admissible to prove it in 1845?

The court erred in the ninth exception, for the reasons assigned on the fifth exception.

The court, by rejecting the prayer of the defendant in the 10th exception, did not err; there was no issue joined on the second, or any other breach. If the interest forms a part of the damages which the plaintiff was to recover, and the value of the land at the time of the breach was to form the measure of damages, it is difficult to conceive on what principles the

jury were to allow interest from a period anterior to the breach. The judgment is reversed on the first, sixth and ninth exceptions, and procedendo awarded.

JUDGMENT REVERSED, AND<br>PROCEDENDO AWARDED.