State, use of Barnard *vs.* Gott.

(Decided 8th March, 1876.)

---

STATE OF MARYLAND, use of NATHANIEL BARNARD *vs.* JACKSON C. GOTT.

*Conclusive effect of a Receipt under Seal.*

Certain property was sold by a trustee under a decree in equity, and an account distributing the proceeds of sale was audited and finally ratified. In an action brought on the trustee's bond by one of the parties, to whom a share of the proceeds of sale had been audited, to recover the balance of such share, which the trustee had failed to pay, the security on the bond interposed to the equitable plaintiff's right to recover his receipt in full under seal, and a

note of the trustee to him at six months, for the balance due.   The note not being paid at maturity was subsequently returned to the maker, and the receipt returned to the equitable plaintiff.   Both papers were afterward destroyed, and secondary evidence of their contents was admitted.   HELD:

That the receipt given by the equitable plaintiff, being under seal, was conclusive, and he could not recover against the surety.

APPEAL from the Superior Court of Baltimore City.

In this action on the bond of William H. H. Adkisson, as trustee under a decree in the case of *Barnard, et al. vs. Barnard, et al.,* in the Circuit Court of Baltimore City, the appellee, the surety in the bond, alone pleaded.   There was no dispute as to the facts in the case.   Prayers were offered on both sides, but their insertion is deemed unnecessary.   A verdict was rendered for the defendant, Jackson C. Gott, and judgment was entered thereon.   A judgment by confession was entered against William H. H. Adkisson.   The plaintiff prosecuted this appeal.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ALVEY, J.

*J. T. Mason, R.,* and *Louis H. Powell,* for the appellant.

The receipt under seal, could not in itself, be a bar to the plaintiff's action.   It cannot operate as a release, for a release must contain words to show the intent to discharge. And a seal cannot make that a sealed release which would not be an unsealed release without it.   This purports simply to be the statement of a fact.   If the fact be true, then certainly the debt is extinguished to the amount of $1033.35, but not because of this paper, but because it is paid.   Without the seal it would be but an ordinary receipt, and could certainly be contradicted.   With the seal it is still only a receipt, and having as a receipt, all that is necessary to its validity in the signature of the

party, adding what is unnecessary gave it no additional force. With the seal it is still but a bare statement of the fact of payment, and cannot operate to discharge Gott unless it operates as an estoppel to deny payment. But a receipt never so operates unless it takes effect as an admission upon which the other party has been induced to act; and nothing of that kind is claimed in this case. *Wolfe vs. Hauver*, 1 *Gill*, 89–91; *Jones vs. Ward*, 10 *Yerger*, 166; *Gully vs. Grubbs*, 1 *J. J. Marshall*, 389; *McCrea vs. Purmort*, 16 *Wendell*, 460; *Wilkinson vs. Scott*, 17 *Mass.*, 256; *Bigelow on Estoppel*, 313, 469; 7 *Robinson's Practice*, 395.

The giving and taking of the promissory note did not discharge Gott.

It cannot operate as a satisfaction of the claim, since there was no express agreement that it should so operate. *Glenn vs. Smith*, 2 *G. & J.*, 508–9; *Yates vs. Donaldson*, 5 *Md.*, 389; *Hurley vs. Hollyday*, 35 *Md.*, 469.

It cannot operate to discharge Gott as a giving of time to Adkisson.

Though the receipt of a debtor's promissory note, for and on account of a simple contract debt, may imply an agreement to give time till the maturity of the note, and suspend the right of action on the original debt until that time, the receipt of his note, for and on account of a specialty debt, implies no such agreement, and has no such effect.

The receipt of any security for and on account of a debt, carries with it in itself, to use the words of Judge Buchanan, nothing more than an agreement "that it shall, *when paid*, be in discharge of the original debt."

A promissory note received on account of a *specialty* debt, stands as at common law, and operating only as a collateral security, does not affect the remedies of the creditor on the original debt. 2 *Parsons on Notes and Bills*, (*2nd Ed.*,) 163; *Ripley vs. Greenleaf*, 2 *Vermont*, 129;

State, use of Barnard *vs.* Gott.

*Weakly vs. Bell,* 9 *Watts,* 280; *Elwood vs. Deifendorf,* 5 *Barbour,* 409; 2 *American Lead. Cases,* (5th *Ed.,*) 282 ; *Gahn vs. Niemcewich,* 11 *Wend.,* 312, 321.

*Arthur W. Machen* and *Thomas Donaldson,* for the appellee.

To constitute a release it is not necessary that the word *release* be employed. Any acknowledgment that the *debt* is *satisfied* is enough. *Comyn's Dig., Release (A;) Bacon's Ab., Release (A;) Hickmot's Case,* 9 *Co. R.,* 52 *b; 2 Saund. Plead. and Evid.,* 761, *tit. Release; Pannell vs. McMechen,* 4 *H. & J.,* 479, 480 ; *Best's Evidence, secs.* 306, 406 ; *Pinnell's Case,* 5 *Coke Rep.,* 117 *b; Sibree vs. Tripp,* 15 *Mees. & Wels.,* 34.

Although a lesser sum is not ordinarily satisfaction of a greater, yet if the obligee receive part, and " make an acquittance under his seal in full satisfaction of the whole, it is sufficient, by reason the deed amounteth to an acquittance of the whole." 2 *Co. Lit.,* 67, (*mar.;*) see also, 1 *Co. Lit.,* 373 *a.*

A release of the *demand* is the most beneficial of all forms of release. *Com. Dig., Release,* (*E* 1.)

A release to one of several obligors, whether they are bound *jointly* or *jointly and severally,* discharge the others, and may be pleaded in bar by all. 2 *Wms. Saund.,* 47 *gg,* note (1 ;) *Cheetham vs. Ward,* 1 *B. & P.,* 633 ; *Nicholson vs. Revill,* 4 *Ad. & El.,* 683 ; *Pannell vs. McMechen,* 4 *H. & J.,* 479.

But independently of this doctrine, it is certain that the release of the principal discharges the surety. That Gott is a surety, is manifest on the face of the instrument. If it appear in the *condition* of a bond, that one of the obligors is a surety, it is immaterial that the distinction between them is no otherwise indicated in the instrument. *Ashbee vs. Pidduck,* 1 *M. & W.,* 564, *per* Lord ABINGER.

But in this case the bond being statutory, (*Code, Art.* 16, *sec.* 136,) there can be no question that the obligation of the party who is not the trustee is that of a surety.

Of course, the obligation being once released, could not possibly be revived—at all events, not so as to affect the surety—by the subsequent cancellation of the release. Even as between the parties, a personal demand once suspended by their own act is gone forever. *Com. Dig., Release, (A* 2.)

BRENT, J., delivered the opinion of the Court.

This suit is brought upon the trustee's bond of Adkisson, who had been appointed trustee by the Circuit Court of Baltimore City, to sell certain leasehold property, of which Mrs. Susan J. Barnard, of Allegany County, had died possessed, and to which her children were entitled in remainder.

The bond given by Adkisson is also signed by Jackson C. Gott, the appellee. The question has been argued as to whether Gott, in this suit, is to be regarded as a security only, and is to have extended to him the rules of law applicable to parties standing in that capacity. That he is security upon the bond in question, and is to be treated as such, there can be no doubt. Adkisson is the sole trustee, and the recitals in his bond, taken in connection with the law requiring trustees to give bond with security, are quite sufficient to establish the fact that Gott signed it as security, and became bound in that capacity for the faithful performance of the trust by Adkisson.

The appellant, Nathaniel Barnard, being one of the children of Mrs. Susan J. Barnard, instituted this suit against the trustee's bond to recover the amount due him for his share of the property sold by the trustee. To his right of recovery the appellee, Gott, interposes a receipt under seal executed by Nathaniel Barnard, and also a promissory note of Adkisson at six months to Barnard for the balance due him. No question of fraud arises in the case, nor is there any disagreement as to the facts.

The receipt and note were mutually interchanged between the parties—the note being retained by Barnard and the receipt sent or handed to Adkisson. After the maturity of the note, it not being paid by Adkisson, the note was returned to him and the receipt to Barnard. Both these papers were afterwards destroyed—and secondary evidence admitted of their contents.

If their effect was to discharge the liability of the security, Gott, upon the bond, it is very clear that their subsequent destruction by Barnard and Adkisson, some six months after, could not have the effect of restoring it.

The receipt was as follows:

"BARNARD & AL.
    *vs.*                     *Cir. Ct., Balto. City—*
BARNARD & AL.

Received ——— 1873 from W. H. H. Adkisson, trustee, in the above mentioned cause, the sum of one thousand and thirty-three dollars and thirty-five cents, ($1033.35,) being my share in full of net proceeds of sale of Baltimore street property, as shown by auditor's report filed in said cause. Witness my hand and seal.

                    (Signed)    NATHANIEL BARNARD, [SEAL.]
*Test:*

(Signed by witness.)"

The security, Gott, contends that this paper, being under seal, is conclusive against the appellant's right of action, and that it is virtually a discharge of his liability as security upon Adkisson's bond.

Instruments under seal are presumed to have been entered into after the most careful deliberation, and an importance and weight is thereby given to them, which they would not bear if they were unsealed. Instances of the difference in the rules of law that are applicable to the one and the other might be cited almost without number. In *Story on Contracts, secs.* 996 *and* 997, it is said "a release *under seal,* if given to one of several debtors,

jointly liable, enures to the benefit of all.   But a *release
by parol* to one debtor will not operate as a discharge
to other debtors jointly liable, and can only be pleaded by
the debtor to whom it was given.   *   *   *   *   *   But if
a release be given under seal to one of two joint obligors
with a parol agreement by the party not released, that he
should remain liable, it is a discharge of both parties ;
because the parol agreement cannot avoid the legal effect
of the release *under seal.*"   So a seal imports consideration
and the obligation resting under it, can generally be dis-
charged only by an instrument. under seal.   A part of a
debt is not a satisfaction of the whole, yet if a part is paid
and "the obligee or feoffee make an acquittance *under
his seal* in full satisfaction of the whole, it is sufficient, by
reason the deed amounteth to an acquittance of the whole."
2 *Coke Lit.*, 67 (*m.*)

The rule at common law in regard to receipts under seal
is unquestioned.   In 1 *Co. Lit.*, 12 (*m.*,) it is said, "if a
rent be behind for twenty years, and the lord make an
acquittance for the last that is due, all the rest are pre-
sumed to be paid ; and the law will admit no proof against
this presumption."   In note 2 (*Ibid,*) Mr. Butler, com-
menting upon this passage, says: "This is to be under-
stood of an acquittance under hand and seal, which is an
estoppel, for if *it be not under seal*, the law will admit of
proof to the contrary."   In *Gilbert on Ev.*, 157, discussing
the difference between presumptions, that are violent
or only probable," it is said, " If a man gives a receipt for
the last rent the former is presumed to be paid, because a
man is supposed first to receive and take in debts of the
longest standing ; especially if the receipt be in full of all
demands, then it is plain there were no debts standing
out; and if this be *under hand and seal*, the presumption
is so violent that *the law admits of no proof to the con-
trary.*"   And so in *Best on Ev.*, sec. 306, " A receipt
under hand and seal is conclusive evidence of the payment

of money." And again, in sec. 406, "A receipt under hand and seal is the strongest evidence of payment, for it amounts to an estoppel, conclusive on the party making it."

We have not been referred to any satisfactory authority in which this doctrine has been overruled. The cases cited, except that of *Jones vs. Ward,* 10 *Yerger,* 166, were all cases of receipts embodied in deeds, acknowledging in the usual form the receipt of the money expressed therein as the consideration. These cases rest upon the doctrine made peculiarly applicable to that character of receipts and are not applicable to the case now before us. They form exceptions to the general rule and are so considered. In the case in 10 *Yerger* above referred to, the general language used by the special Judge who sat in that case, is to the effect, "that a receipt whether under seal or not, may be explained by parol testimony." But in examining the cases referred to by him, it is manifest that he did not intend the language used should be taken in the broad sense that is attributed to it. The question in that case was the admissibility of evidence, to show that a particular debt sued upon, was not included in the general terms of a receipt under seal. This evidence was held to be admissible, and the ruling is in accordance with the authorities. The same question was passed upon by Shaw, C. J., in *West Boylston Man. Co. vs. Searle,* 15 *Pick.,* 229. There it was attempted to show that the cause of action was not properly included in a deed of release. But the evidence was held to be inadmissible, because the note was included in the very terms of the release, and there was "no latent ambiguity and nothing to be explained by parol evidence." If on the contrary the terms of the deed had left it wholly doubtful whether the note was or was not included, it was held the testimony would be admissible.

In reference to the receipt before us there can be no question as to the indebtedness, which it is intended to

cover. It plainly and unmistakably refers to the debt which this action is brought to recover, and presents totally a different question from that decided in 10 *Yerger.*

After a careful examination of the authorities we feel bound by the common law rule, and must hold that the appellant is concluded by the receipt he has given under his hand and seal, and that he cannot sustain this action against the appellee, Gott.

The decision of this point removes any occasion for an examination of the other questions presented by the prayers.

The judgment of the Court below will be affirmed.

*Judgment affirmed.*

(Decided 8th March, 1876.)