# THE COMMERCIAL AND FARMERS NATIONAL BANK OF BALTIMORE *vs.* J. LAWRENCE McCOR-MICK.

*Agreement Not to Sue Some of Several Joint Debtors—Lack of Consideration—Acceptance of Part of the Amount Due from Some of Several Guarantors—Release Under Seal of One Joint Obligor—Pleading—Evidence—Accord and Satisfaction.*

Defendant and seventeen other persons executed to the plaintiff bank an instrument under seal guaranteeing the re-payment of $20,000 to be loaned by the bank to a certain corporation.   When this loan was over-due and unpaid, the bank made an agreement with six of the guarantors, not including this defendant, reciting the payment by them of $5,800 as the proportionate part of the obligation under the guaranty, and the bank agreed not to claim from them any further sum and also to hold them harmless from the claims of any of the other guarantors. This agreement was not under seal.   In an action against the defendant on the guaranty, *held*, that the sum so paid by the other six guarantors being less than the amount due by them did not discharge them from liability under the guaranty, and that the agreement not to sue these six and to indemnify them against the claims of the others was also without consideration, and since these parties were not released the agreement is not a bar to this action.

*Held*, further, that in this action against another guarantor the above mentioned agreement is not admissible in evidence even if it be treated as a covenant not to sue the six parties to it.

After the liability of a guarantor is fixed. an agreement by the principal to accept a part of the debt in satisfaction and not to claim the balance is *nudum pactum*, when there is neither a technical release under seal nor a collateral consideration for the discharge

A covenant not to sue one of two or more joint obligors does not operate to release the others.

In a declaration setting forth defendant's contract of guaranty and a breach thereof a plea of general performance is not proper.

A release under seal of some of several joint obligors enures to the benefit of the others.

The payment of a smaller sum of money which is accepted in satisfaction of a larger sum then due does not sustain a plea of accord and satisfaction.

Appeal from the Circuit Court for Harford County (WATTERS, J.) The contract on which this action was brought was as follows: "In consideration of the Com. and Farmers Nat. Bank of Baltimore discounting from time to time the promissory notes or other evidence of debt of the United Milk Producers Assn. of Balto. We the undersigned, being stockholders in said corporation do hereby covenant to guarantee the payment of each and every loan or advance of credit extended to the United Milk Producers Assn., whether upon the notes of said corportion or the bills receivable or other evidences of debt endorsed or guaranteed by the United Milk Producers Assn., provided however that the loans existing at any time made upon the faith of this guaranty shall not exceed the sum of $20,000. In witness whereof we have hereunto subscribed our names and affixed our seals," etc.

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John L. G. Lee* and *Harry S. Carver* (with whom were *Willis, Homer, France & Smith* on the brief), for the appellant.

When the plaintiff bank accepted the $5,800 payment it did not intend to release the other obligors but reserved its remedy against them. The payment of a smaller sum is no satisfaction, but a release under seal is requisite in order to create a good discharge. *Ingersoll* v. *Martin*, 58 Md. 67; *Slater* v. *Gott*, 44 Md. 319; *Nelson's case*, 38 N. J. L. 358; *Gilbert* v. *Finch*, 173 N. Y. 455; *Clopper* v. *Union Bank*, 7 H. & J. 103. A covenant not to sue is not pleadable in bar. *Ayer* v. *Ashmead*, 31 Conn. 447; *McAllister* v. *Dennis*, 127 Mo. 40; *Armstrong* v. *Hayward*, 6 Cal. 183; *Fink* v. *Green*, 5 Barb. 455; *Shaw* v. *Pratt*, 22 Mass. 505; *Irvine* v. *Millbank*, 56 N. Y. 635; *Gillis* v. *Berg*, 16 N. H. 9; *Leake on Contracts*, 798. A covenant not to sue does not operate to discharge any other person than him with whom it is made, and it does not exonerate parties who are jointly liable with him. *Chitty on Con-racts*, 863; *Brandt on Suretyship*, secs. 516, 383; *Gary* v.

*Hignutt*, 32 Md. 552; *Pannel* v. *McMechen*, 4 H. & J. 474. It takes a seal to release a seal.  *Gunther* v. *Lee*, 45 Md. 60.

*Stevenson A. Williams* and *J. D. Worthington*, for the appellee.

The agreement in question is not in form a release but it is such in effect.  In *Smith* v. *State*, 46 Md. 617, it is said that the release of one surety without the assent of the co-securities will operate at bar to discharge the latter.  The ruling of the Court below seems to be supported by *Kearsley* v. *Cole*, 16 M. & W. 133; *Price* v. *Barker*, 30 Eng. L. & Eq. 161; See also *Owen* v. *Hanan*, 3 McN. & G. 405.

The first plea of general performance is proper because the declaration does not assign special breaches.  The plaintiff should have filed a replication specially assigning the breaches and not a demurrer.  *Simonton* v. *Winter*, 5 Peters, 141; *Marshall* v. *Haney*, 9 Gill, 258; *Chitty Pledg.*, 429, note 4.

BOYD, J., delivered the opinion of the Court.

The appellant sued the appellee and seventeen other persons on an instrument under seal, wherein the obligors, in consideration of the appellant discounting from time to time the promissory notes or other evidences of debt of the United Milk Producers Association of Baltimore City, covenanted to guarantee the payment of each and every loan or advance of credit extended to the association, provided the loans made upon the faith of the guaranty should not at any time exceed the sum of $20,000.  The appellant loaned the association twenty thousand dollars on two notes of $5,000 each, and one of $10,000, which it failed to pay.  The appellee was the only defendant who was summoned, and the case proceeded against him alone, resulting in a judgment in his favor from which this appeal was taken.  The defendant filed a number of pleas, which were demurred to, and the rulings on the demurrers, as well as those on the admissibility of testimony, and on prayers are presented to us for review, but inasmuch as the effect of an agreement, dated April 10th, 1901, made

by the appellant with six of those obligors, (the appellee not being one of the six), is the important question in the case, we will proceed at once to the consideration of it.

On that date the three notes of the Milk Producers Association were overdue and unpaid. The agreement, after quoting the contract of guaranty, recites that whereas suits have been brought against the parties of the second part and other obligors in said guaranty, which suits are pending, and whereas the parties of the second part have paid $5,800 to the plaintiff "as the proportionate part of the obligation under the aforesaid agreement, which the said party of the first part doth hereby agree to accept," therefore the bank covenants and agrees "that it will not in or by any suit or action, legal or equitable, instituted or to be instituted, seek to obtain or recover from them, or any of them, any further or other sum for or on account of the foregoing obligation," and that in case, by suit or otherwise, it shall receive or collect from any of the remaining obligors any sum or sums of money which will entitle them to any right of action against the parties of the second part, then it "will indemnify and save harmless the parties of the second part hereto, from any judgment recovered against them or any of them by such remaining obligors or any of them." This agreement was executed in the name of the bank by its president, but is *not under seal.* There are eighteen obligors in the contract of guaranty and it is not denied that the principal of the notes of the association held by the appellant amounted to twenty thousand dollars, all of which were due some months before April 10th, 1901, when this agreement was made. It is difficult to understand, therefore, why the sum of $5,800 was fixed upon "as the proportionate part of the obligation," and it is manifest that it was not all that was due by the six parties, even on the theory that each one was only responsible for one-eighteenth of the whole debt, which was not the case. It is not claimed that this instrument is a *technical release*, and inasmuch as it is not under seal, of course there can be no question about that, irrespective of the fact that it does not in

terms profess to release the parties therein named. If it had been under seal, it would at most be a covenant not to sue and to indemnify those six persons: The case seems to have been tried on the theory that it was such covenant, but we will refer to that later.

The fourth prayer of the defendant, which was granted, presents the question which is of vital importance. It submitted to the jury the execution and delivery of the agreement, the payment and acceptance of the $5,800 and instructed them that if they found the facts stated "then under the pleadings and evidence in this case the effect of said payment was to discharge the parties so paying said sum under the said agreement from liability to the plaintiff under said bond; and if the jury further find that the acceptance of said sum by the plaintiff increased the risk of the other obligors under the bond sued on, then the effect of the said payment was to discharge the other obligors under said bond, and their verdict must be for the defendant." Without now determining whether the conclusion of the prayer would be correct, if the premise on which it is based is right, was the effect of the payment of the $5,800 to discharge those parties? There is no other consideration named in the agreement, and none attempted to be shown, and hence as the agreement was not under seal, it would seem to be clear that the payment of the $5,800, being less than was due by those parties, did not discharge them. If "a debtor by paying part of his admitted debt obtains from his creditor an agreement to discharge the residue, such an agreement is *nudum pactum*, and therefore inoperative, for the simple reason that the debtor is under a legal obligation to pay the whole debt. * * * * But a release under seal imports consideration and such a release of an existing debt is a sufficient discharge without anything more," *Ingersoll* v. *Martin*, 58 Md. 74. In this State where the distinction made at common law between parol contracts and those under seal is still recognized, a debtor is not discharged by payment of a sum less than he owes, unless by an instrument *under seal*, or there be some collateral consideration, such as in law is suffi-

cient to support a contract. "Such collateral consideration superadded to the payment of part, is a good accord and satisfaction," *Maddux* v. *Bevan*, 39 Md. 499. These general principles have been frequently announced in this State, as will be seen in *Campbell, trustee,* v. *Booth,* 8 Md. 107; *Booth* v. *Campbell, trustee,* 15 Md. 569; *Rohr* v. *Anderson,* 51 Md. 205; *Emmitsburg R. R. Co.* v. *Donoghue,* 67 Md. 383; *Obendorff* v. *Union Bank,* 31 Md. 126, and other cases. "Payment of part of an admitted debt is neither in law nor equity a good consideration for abandoning all claim to the residue." *Gurley* v. *Hiteshue,* 5 Gill, 222.

There being no consideration other than the $5,800 mentioned in the agreement, and it not being under seal it was simply *nudum pactum* as to the residue, and did not discharge the six obligors therein named. If, as was said in *Ingersoll* v. *Martin, supra,* "an agreement to discharge the residue" is under such circumstances *nudum pactum,* an agreement not to sue or to indemnify against any indebtedness for the residue, must be equally so. There can be no distinction between this case and those cited above, on the ground that these parties were mere guarantors. When these notes were not paid, they were liable for them, and there could be no reason why they should be discharged from the payment of the entire amount, without any consideration, any more than any other debtor should be. In *Hooper* v. *Hooper,* 81 Md. 155, the measure of liability of guarantors is fully considered and it is said to be co-extensive with that of the principal, unless it be expressly limited. We have found no case in which it has been held that a guarantor after his liability is fixed could relieve himself from payment of the whole debt by paying part, unless he gets a technical release under seal, or there is some collateral consideration for the discharge. It is manifest therefore that the payment of the sum of $5,800 did not discharge those six obligors from further liability to the plaintiff, and hence the prayer was erroneous in that respect.

Throughout the case this agreement seems to have been treated as a *covenant* not to sue. As we have already seen, it

is not a technical covenant, as it is not under seal, but treating it as a covenant not to sue, the authorities do not give it the effect contended for by the appellee.  It is true that it was said in *Clopper* v. *Union Bank*, 7 Harris & Johnson, 92, that a covenant perpetual, as that the covenantor will not sue without any limitation as to time, is in law a release and may be pleaded in bar as such, but the authority cited for that is 5 *Bac. Abr. Tit. Release*, (A2) 683, and on the same page it is said " If two are jointly and severally bound in an obligation and the obligee by deed covenants and agrees not to sue one of them this is no release and he may notwithstanding sue the other."   There are many cases, and the principle would seem to be thoroughly settled, to the effect that a covenant not to sue one of two obligors does not release the other, but to have that effect there must be a technical release under seal. *Bradford* v. *Prescott*, 85 Me. 482; *Line* v. *Nelson*, 38 N. J. L. 358; *Berry* v. *Gillis*, 17 N. H. 9; *Bozsman* v. *State Bank*, 7 Ark. 328; *Crane* v. *Alling*, 15 N. J. L. 423; and other cases that may be found in 20 *Am. & Eng. Ency. of Law* (1 ed.), 741 and 751 notes.   The reason is that a technical release, being conclusive evidence of payment in full, is regarded as a performance and extinguishment of the bond, and consequently a discharge of all the obligors, while a covenant not to sue one of several obligors is not only no evidence of the payment of the bond, but implies, if it does not express, the very contrary.   When a covenant not to sue is made with a sole obligor, it is permitted to be plead in bar to prevent circuity of action, but a covenant not to sue one of several obligors is not pleadable in bar.   Such a covenant therefore, not being pleadable in bar, and not preventing the covenantor from suing joint obligors, we do not find any authority for the position taken by the appellee in the latter part of his fourth prayer, above quoted.   The case of *Kearsley* v. *Cole*, 16 M. & W. 133, and *Price* v. *Barker*, 30 Eng. L. & Eq. 161, cited by the appellee, do not support that contention.   In that of *Owen* v. *Hanan*, 3 MacNaghten & Gordon, 378, referred to, LORD TRURO, was discussing the rights of a surety, and that case

was in chancery, and moreover the remarks of the Lord Chancellor were not approved on appeal. 4 *H. L. Cases*, 997.

It does not seem to be necessary, after what we have said, to discuss at length each of the exceptions. As the agreement was not pleadable in bar, it ought not to have been admitted in evidence. Of course we are dealing with the case as we find it, and do not mean to preclude the appellee from introducing it at a new trial, if there be any ground on which it can be admitted, but as the case is now presented it is not relevant. It is unnecessary to speak of the testimony in the second bill of exceptions.

The third bill of exception states that the plaintiff excepted to the " ruling of the Court in *refusing* plaintiff's *third* prayer and granting the said fourth prayer "—meaning the defendant's fourth, as shown earlier in the exception. The plaintiff's *third* was *granted* and as there is no exception to those refused it is not necessary to refer to them. The defendant's fourth was improperly granted for the reasons we have already given. It is proper to add that we do not understand how the conclusion of the plaintiff's first prayer, which was granted, can be reconciled with the claim in the bill of particulars filed—the former authorizes the recovery of the whole balance, while the latter only claims one-twelfth of that amount.

The first plea is one of general performance and ought not to have been allowed. The declaration is not as full as is desirable but it does set up the breach relied on. " Issue cannot be taken on a plea of general performance and the plaintiff if driven to reply, would be obliged to repeat his declaration." *Marshall* v. *Haney*, 9 Gill, 258. The second is a plea of release by deed and follows in substance the form in the Code. The third alleges a release by deed of some of the obligors. A release under seal of some of the joint obligors without the knowledge or assent of the defendant, as the plea alleges, would inure to his benefit, as will be seen from what we have said above. See also *State* v. *Gott*, 44 Md. 346, and *Valley Savings Bank* v. *Mercer*, ante p. 458.

The fourth and fifth were intended as pleas of accord and

satisfaction.   What we have said above will relieve us of any
extended discussion of them.    The fourth does not disclose
the fact that those parties did not pay the whole debt but it
does not allege that they did or that there was any other con-
sideration     Where there is nothing more than a simple pay-
ment, by a party whose duty it is to pay the whole, and ac-
ceptance of a less sum of money, in satisfaction of a greater
sum due, that will not sustain the plea of accord and satifaction.
*Hardey* v. *Coe*, 5 Gill, 189.   The form of the plea in 1 *Poe*,
sec. 654, shows that where money is paid, the additional con-
sideration is set out, and in that section Mr. Poe refers to the
necessity of some other collateral consideration when less
than the amount due is paid, in order to operate as an accord
and satisfaction.   The fifth plea shows affirmatively that only
$5,800 was paid.   The demurrer to both of these pleas ought
to have been sustained.   Those to the 6th, 7th and 8th were
sustained and hence it is unnecessary for us to speak of them.

   For the errors we have pointed out the judgment must be
reversed.

                    *Judgment reversed and new trial awarded*
                          *costs to be paid by the appellee.*
   (Decided July 2nd, 1903.)