MARTIN GEISER use of JOHN KNAVAL *vs.* SAMUEL KERSH-
NER.—*June*, 1832.

K gave G his single bill for $100, which was assigned to I. The bill be-
ing due, and several years' interest having accrued upon it, K on the
3d April, gave an agent of I's an order on M for $90 76, payable on the
1st of May. The agent proved, that he received this order to be a pay-
ment, provided M accepted it; that if it was not accepted, it was to be re-
turned to K's brother-in-law, who lived in the neighborhood. M refused
to accept the order, and some two or three months after, the agent offer-
ed to deliver the note to the brother-in-law, who declined receiving it.
HELD, that this order was not a payment, and that K was not entitled to
notice of its non-acceptance, or non-payment, the terms of the contract
being a waiver of the right to notice.

The general rule is well settled, that the payment of a less sum of money
than the whole debt, without a release, is no satisfaction of the plaintiff's
claim. A mere agreement to accept less than the real debt, is a *nudum
pactum.*

APPEAL from *Washington* County Court.

This was an action of *Debt*, instituted by the appellant
against the appellee, on the 26th of April, 1827, on the fol-
lowing single bill. "Four years after date, we, or either
of us promise to pay or cause to be paid unto *Martin Gei-
ser*, or order, the just and full sum of one hundred dollars
current money, for value received, as witness our hands
and seals, the 26th day of May, 1817. *Samuel Kershner*,
(Seal.) *Michael Householder*, (Seal.)" May 2, 1818, I
assign all my right in this note to *John Knaval*, for value
received. *Martin Geiser*, (Seal.)

The defendant pleaded payment to the assignee, and ac-
cord and satisfaction; to which, by agreement of counsel
in the Court of Appeals, replications were considered as
filed, and the issues as having been regularly made up,
before the finding of the jury.

At the trial of the cause, the plaintiff having read to the
jury the above single bill, with the assignment upon it,
the defendant proved by *Jacob Kershner*, a competent wit-
ness, that the defendant, on the 3d of April, 1824, gave to

*Benjamin Ferrel*, the agent of the plaintiff, the following order—"April 3d, 1824.    Mr. *Jeremiah Mason*, Sir— Please to pay to *Benjamin Ferrel*, the sum of ninety dollars and seventy-six cents, against the first of May next, by so doing you will oblige me. *Samuel Kershner;*" towards the payment of the said single bill, but the witness did not know on what terms said order was received.

The plaintiff then proved by *Ferrel*, that he was the agent of the plaintiff, and that he received the said order, to be in payment of the said single bill, provided *Mason* accepted it, and that if it was not accepted, it was to be returned to *Jacob Kershner*, the defendant's brother, who lived in the neighborhood. That before it became due, he called on *Mason*, who refused to accept it, but said there was an unsettled account between him and the defendant, on an agreement for the purchase of timber, and he had not received the whole of it, but that whatever was due to defendant, he would pay to *Knaval*. That the witness some time afterwards, perhaps two or three months, called on *Jacob Kershner*, and told him, that *Mason* had refused to accept the order, and offered to return it to him, but he refused to receive it. The defendant then proved by *Mason*, that when *Ferrel* called on him with the order, which was the last of July, he did refuse to accept it, and told him, he thought the order was for more than was due the defendant. That there was something due him; that the account between himself and the defendant was unsettled. That he had not received all the timber he was to get from the defendant, and that he apprehended there would be a dispute about it; but that whatever should be due on settlement between him and the defendant, he would pay the plaintiff. That he never has had a final settlement with the defendant, and never did make any payment to the plaintiff—and the witness says he thinks there was a balance of about $90 due from him to the defendant, at the time the order was presented.

The defendant then prayed the court to instruct the jury, that if they find from the evidence, that the defendant had not due notice of the non-acceptance, and non-payment of the said order, the plaintiff is not entitled to recover; which instruction the court (SHRIVER, and THOMAS BUCHANAN, A. J.) gave, and further instructed the jury, that the notice after the expiration of two or three months was not due and reasonable notice.

The plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

The cause came on to be argued before MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Anderson*, for the appellant, contended,

1. That the defendant's evidence was not sufficient, under either plea, to bar the plaintiff's recovery; and at most could but show an assignment to the amount of the order. 5 *Coke. Rep.* 117. 5 *East.* 230. *Peake Ev.* 249. 6 *Harr. and Johns.* 169. 1 *Bac. Abr.* 45. 2 *Wil. Rep.* 86. 6 *Coke. Rep.* 44.

2. There was no payment at all; 1st, because the agent had no authority to receive the order in discharge of the single bill—and 2d, because it was not accepted by *Mason*, according to the terms on which it was received. 2 *Stark Ev.* 583. 3 *Ib.* 1087. *Ward vs. Evans,* 2 *L. Ray.* 930.

3. That according to those terms the defendant was not entitled to notice at all, of the non-acceptance, and non-payment of the order.

*Price*, for the appellee.

1. The pleas of the defendant, if deemed insufficient, should have been demurred to, and as that was not done, no question upon their sufficiency can be raised here.

2. Although it is true, that an order, in ordinary cases, will not extinguish a pre-existing debt of a higher nature,

it will have that effect, if there be an agreement for that purpose, as is the case here. 5 *Johns. Rep.* 72.

3. The only question in reference to notice, was whether the defendant had due notice—whether he was entitled to notice at all, is a point not raised.

MARTIN, J., delivered the opinion of the court.

The record in this case has been amended by consent. Replications are considered to have been filed to the pleas, and issues made up for the jury.

This case is within a very narrow compass, the act of 1825 confining the appellate court to the points decided by the court below.

To an action of debt on a single bill for $100, dated the 26th of May, 1817, the defendant relied on two pleas—payment to the assignee of the bill; and accord and satisfaction.

To sustain the second plea, evidence was offered to the jury, that the defendant, on the 3d of April, 1824, gave to *Benjamin Ferrel,* the agent of *Knaval* the assignee, an order on *Jeremiah Mason* for the sum of $90 76, towards the payment of the single bill, on which this action was instituted.  That the said order was received by the agent, to be in payment of the bill, provided *Mason* accepted it, but if it was not accepted, it was *to be returned to Jacob Kershner, the brother of the defendant.*  *Mason* did refuse to accept it, and the agent afterwards, perhaps in the course of two or three months, informed *Jacob Kershner* of it, and offered to return it to him, but he refused to receive it.

The court puts the plaintiff's right to recover upon the notice *he was bound to give to the defendant,* of the non-acceptance, and non-payment of the order.   They say in substance, that if the jury believe the evidence, the defendant had not due notice, and therefore the plaintiff cannot recover.   It appears to this court, that whether the defendant had, or had not notice, could not affect the plaintiff's right to recover in this case.

The contract between the parties—the terms upon which the order was given, and received, was a waiver of ordinary notice to the defendant. The order was not to be considered as affecting the plaintiff's claim unless it was accepted, and if not accepted, no notice was required to be given to the defendant, but the order was to be returned to *Jacob Kershner*, his brother. The question whether the order was returned, to the brother in due time, according to the terms of the agreement, is not presented; but the court say, the plaintiff is not entitled to recover, because the defendant had not due notice, &c. Suppose on the day *Mason* refused to accept the order, it had been returned to *Jacob Kershner*, in strict compliance with the agreement of the parties, upon what principle could it be said, the plaintiff was in default? He had done all the agreement required him to do, and yet, according to the opinion expressed by the court, he would not be entitled to recover, because the defendant had not notice of it.

Let us take another view of this case. The court says the plaintiff is not entitled to recover, because due notice was not given to the defendant. Suppose no notice had been given to him, and there never had been an offer to return the order to *Jacob Kershner;* would the facts as set out in the plea of accord and satisfaction be a legal bar to the plaintiff's claim?

The cause of action as before stated, was a single bill, under seal for $100, and the money *had been due,* for several years; when, as the plea states, an order was given for $90 76, and accepted by the plaintiff, in full satisfaction of his debt, principal and interest. It is an attempt then, *to* discharge a debt of $100, with interest on that sum for several years, by the payment of $90 76, because the plaintiff agreed to accept it in satisfaction.

In *Fitch vs. Sutton,* 5 *East.* 230, it was determined, that the acceptance of a less, cannot be a satisfaction in law, of a greater sum *then* due—nor can it operate as an extinguishment of the original cause of action. *Lord Ellenbo-*

*rough* says, it is impossible to contend, that the acceptance of £17 10, is an extinguishment of a debt of £50. There must be some consideration for the relinquishment of the residue ; something *collateral*, to show a possibility of benefit to the party relinquishing his further claim, otherwise the agreement is *nudum pactum*. Many cases might be adduced to sustain this doctrine—11 *East.* 390, *Lord Ellenborough* says, "It is true, that if a creditor simply agree to accept less from his debtor than his just demand, that it will not bind him," &c. In 17 *Johns.* 174, *Spencer, Ch. J.* declares the cases of *Harrison vs. Wilcox and Close,* 2 *Johns. Rep.* 449. *Fitch vs. Sutton* 5 *East.* 232, and *Cumber vs. Wane,* 1 *Strange,* 426, are decided authorities to show, that the payment of a less sum of money than the real debt, will be no satisfaction of a larger sum, without a release by deed. In *Boyd vs. Hitchcock,* 20 *Johns. Rep.* 75, Justice *Platt,* who delivered the opinion of the court, fully recognizes this to be established law. He says, the question is, whether the third plea sets out such an accord and satisfaction as will bar the action?

The general rule is well settled, that the payment of a less sum of money than the whole debt, without a release, is no satisfaction of the plaintiff's claim. A mere agreement to accept less than the real debt, would be *nudum pactum*.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.