# Bernard U. Campbell, Attorney and Trustee of Emily L. Harper, *vs.* Washington Booth.

Defences to a *scire facias*, that there was an outstanding *fi. fa.* in full force when the *sci. fa.* issued, or that the judgment was satisfied before issuing the writ, cannot be availed of upon *motion to quash*, but can only be taken advantage of by *plea*.

The mere taking of property under a *fi. fa.* is not of itself equivalent to payment, and does not amount to a satisfaction of the judgment.

Irregularities apparent upon the face of a *scire facias* may be taken advantage of by *motion to quash*, but objections involving questions of fact only, or dependant partly upon matters of record and partly upon matters *in pais* must be *pleaded*.

Payment of a less sum than is due on a judgment, though received in full thereof, cannot operate as a discharge or satisfaction of the judgment.

Where two or more parties are jointly bound the claimant may release one, and reserve his remedy against the others, *with their consent*.

An entry upon the docket of the *filing* of the receipt of the plaintiff's attorney for part of the sum due, *in full of the judgment* against *one* of the defendants, is not an entry of *satisfaction*, nor can it operate as a *release* of the judgment.

Such entry is not the act of the court but of the clerk, merely noticing the filing of the receipt as usual in regard to papers filed in a cause.

Where an entry of satisfaction made by the clerk, by order of the plaintiff or his attorney, under the act of 1840, ch. 96, is relied on as a defence, the law must be *strictly complied* with.

APPEAL from the Superior Court for Baltimore city.

This is an appeal from a judgment quashing a writ of *scire facias* upon *motion.*   The facts are briefly as follows:

On the 19th of September 1843, an action was docketed by consent in Baltimore county court, by the appellant as plaintiff, against the appellee and John B. and Richard B. Fitzgerald, partners, trading under the firm of John B. Fitzgerald & Co., as defendants, upon their joint and several promissory notes in favor of J. J. Speed, trustee of Emily L. Harper, and on the same day judgment was confessed in favor of the plaintiff for $1600.85, with interest from the 13th of October 1842, and costs, subject to a deduction of $402.53 when paid, (and which was subsequently paid,) it being the sum awarded in the auditor's report in the case of John B. Fitzgerald an insolvent debtor, and subject to the release of said insolvent under the insolvent laws.   In the docketing of this suit Charles Z. Lucas acted as the attorney for the plaintiff, and *J. J. Speed* and J. Hanan as attornies for the *defendants.*

On the 21st of October 1843, a *fi. fa.* was issued on this judgment returnable on the 1st of January 1844, which was returned by the sheriff: "Laid as per schedule." The schedule shows that the property levied on consisted of several lots of ground in the city of Baltimore, valued at $4680.

On the 11th of June 1844, the following papers and receipts were filed in the case:   1st. A letter dated the 28th of May 1844, from Charles Z. Lucas to George M. Gill, in which the writer states: "I am authorised by B. U. Campbell, Esq., attorney of Emily L. Harper, to release the judgment obtained by consent, on September 19th, 1843, against R. B. Fitzgerald, upon his paying the *per centum* heretofore offered by him, (which I believe was 20 *per cent.*,) upon the amount of the judgment, ($1600.85,) with interest from October 13th, 1842; and upon your giving me in writing Mr. Speed's agreement, that no advantage will at any time be taken by him in any manner of this compromise with Capt. F.   I hope these terms may meet your approval."   2nd. The following receipt, dated June 7th, 1844, signed by Charles Z. Lucas, attorney for Bernard U. Campbell: "Received of George M. Gill,

attorney of R. B. Fitzgerald, $348.03, and $6.25 costs, the same being in full of judgment against said R. B. Fitzgerald at suit of Bernard U. Campbell, attorney of E. L. Harper, rendered at September term 1843, in Baltimore county court;" and 3rd. A receipt from the sheriff for $10, as "sheriff's costs in the above case." On the same day the following entry was made on the docket in said case: "11th June 1844, receipt of plaintiff's attorney for $348.03, and $6.25 costs, in full of judgment against R. B. Fitzgerald, and receipt of sheriff for $10, his costs, filed."

On the 6th of September 1851, the plaintiff sued out a *scire facias* upon this judgment against all the defendants, which was returned "*nihil*" as to the others, and "*made known to Washington B. Booth,*" who appeared and *moved* to quash the writ for the two reasons stated in the opinion of this court, which motion the court, (FRICK, J.,) sustained, and gave judgment for the defendant, from which the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*T. Parkin Scott* for the appellant, argued:

1st. That the levying of the *fieri facias* was not in law a satisfaction of the judgment, and that the return of the writ and the subsequent arrangement between the parties show that that levy was abandoned. 5 *G. & J.*, 109, *Sasscer vs. Walker.* 2 *Gill*, 486, *Hardesty vs. Wilson.* If the writ had not been returned the burden of proof would have been on the appellant to show that the judgment had not been satisfied, but here the writ was returned and the levy abandoned. Again, one obligor cannot plead that the goods of his co-obligor were taken in execution. Such is the case here. Booth, one of the original defendants, is seeking to take advantage of the levy upon the lands of his co-defendant, which he cannot do. 2 *Saunder's Pl. & Ev.*, 47, *note (a,)* 72 *(aa.)* The *fi. fa.* we insist therefore was not *outstanding* when the *scire facias* issued, but had been returned before.

2nd. That this was not an attempt to have two outstanding

Campbell. Trustee of Harper, vs. Booth.

executions upon the same judgment at one and the same time, but simply an effort to revive a judgment that it might be executed. 7 *G. & J.*, 357, *Mullikin vs. Duvall.*

3rd. That the partial payments made were not received or intended to be in extinguishment of the judgment, but only in relief of one of the parties with a salvo. There is no evidence that Speed ever made any agreement to give a release, and if he did, that it was ever *executed.* Besides, Speed acted as counsel for these defendants, and the agreement to be made by him that he would take no advantage of the compromise with one of the defendants, may be very well construed into a reservation of the plaintiff's remedy against the *other defendants.* The whole proceedings show that there was only a compromise of the judgment so far as Capt. Fitzgerald was concerned, and not of the *whole judgment.* The entry on the docket is not an entry of *satisfaction* of the judgment, but simply a receipt in full of the judgment as against Capt. Fitzgerald. Payment of part is not satisfaction of the whole. The defendants were equally liable as partners, and promised jointly and severally to pay the notes on which the original judgment was obtained. In support of these positions, see 2 *H. & J.*, 324, *Hughes vs. O'Donnell.* 5 *G. & J.*, 356, *Clagett vs. Salmon.* 5 *Gill*, 196, *Hardey vs. Coe.* *Ibid.*, 217, *Gurley vs. Hiteshue.* 7 *Md. Rep.*, 108, *Jones vs. Ricketts.*

4th. That the grounds of defence taken to the *scire facias* cannot be availed of *on motion*, but can only be taken advantage of by *plea.* 48 *Eng. C. L. Rep.*, 634, *Holmes vs. Newlands.*

*George M. Gill* for the appellee, argued:

1st. That before the issue of a *scire facias* the *fi. fa.* and levy under it ought to have been *countermanded* or disposed of, for whilst a *fi. fa.* is levied and outstanding, the plaintiff cannot legally issue a *scire facias.* The taking of property under a *fi. fa.* is not of itself equivalent to payment, and the plaintiff might have countermanded the writ and restored the property, but until he did so he could take out no other process. 5 *G. & J.*, 109, *Sasscer vs. Walker.* 3 *Do.*, 384, *Turner vs. Walker.* 1 *H. & McH.*, 407, *Waters vs. Caton.* 3 *Gill*,

246, *Baldwin, use of Owings, vs. Wright, et al.* 23 *Wend.*, 501, *Green vs. Burke.* 4 *McLean*, 133, *Corning vs. Burdick.* *Coxe. N. J. Rep.*, 118, *Stille vs. Wood.* 3 *English*, 388, *Anderson vs. Fowler.* In 2 *Harr. Ent.*, 526, is the form of a plea to a *scire facias*, that the sheriff had *caused to be levied* a *fi. fa.* upon the property of the defendant. See also 5 *H. & J.*, 77, *Purl vs. Duvall; Evan's Pr.*, 372, and *Act of* 1829, *ch.* 158. But it is said the defendant should have *plead* this defence, and that a *motion to quash* the writ is not the proper remedy. To this objection we reply that a *scire facias* is not a *new case*, but a continuation of the original judgment. It is not a *new suit*, but its object and effect is to revive the *old* judgment. The case is analogous to that of attachments, which are quashed on motion in all cases where it is apparent on the face of the record that the proceedings are erroneous. Wherever upon the *face of the record* the error is *apparent* a motion to quash is the proper remedy. *Evan's Pr.*, 238. It is true we *might* have *pleaded* this defence, but this does not preclude us from making the *motion* to *quash*.

2nd. The judgment in this case being against partners, satisfaction by one is a satisfaction by all, and a release to one is a release to all. *Smith on Mercantile Law*, 67. 4 *Adol. & Ellis*, 675, *Nicholson vs. Revill.* 6 *Term Rep.*, 525, *Clark vs. Clement.*

3rd. The payment of a less sum than the whole debt will not, *per se*, work a satisfaction, though such lesser sum be paid and received as satisfaction, but where there is something collateral to show the possibility of benefit to the party relinquishing, this will be sufficient. Thus if a lesser sum be paid before it is due, or at another place than that limited in the condition, it is a good satisfaction. 5 *East*, 232, *Fitch vs. Sutton.* So if a note of a third person is received. 11 *East*, 390, *Steinman vs. Magnus.* So if there be inconvenience to the defendant in procuring a surety. 20 *Johns.*, 78, *Boyd vs. Hitchcock.* 6 *Cranch*, 253, *Shicehy vs. Mandeville.* So if the debtor, in addition to the agreement to pay part of the debt, gives to the creditor any thing which in judgment of law

can be considered a benefit to him, and the creditor accepts it as a satisfaction of the whole, it is a good accord.  *Forsyth on Comp.*, 17.  Here the proposition by the plaintiff to the defendant and partner, R. B. Fitzgerald, was to pay a certain per centage and to obtain the agreement in writing of Mr. Speed, (the first trustee of the plaintiff,) that he would take no advantage of the compromise.  This proposition and the receipt showing its acceptance and performance of the conditions are both on the same paper, bear very nearly the same date, were filed in the cause on the *same day*, and on that day also the entry on the docket is made of satisfaction of the judgment in full.  This was a release to R. B. Fitzgerald, and if to him, then also to the other defendants.

4th.  The entry on the docket of the 11th of June 1844, shows that the receipt of the plaintiff's attorney, as in full of the judgment against R. B. Fitzgerald, had been filed in court.  This entry showing satisfaction, remained unchanged until the 6th of September 1851, and then without any change, or motion for a change; the application for a *scire facias* against all the defendants, including R. B. Fitzgerald, is made to the clerk who issues the writ.  This was an error, and the *scire facias* could not properly go until the docket entry showing satisfaction had been first altered, even if it could be altered at so late a day.

4th.  The defendant, R. B. Fitzgerald, not only paid the amount agreed to be received in satisfaction and obtained the agreement in writing of Speed, but in addition thereto paid the sheriff's costs of $10, which was beyond the agreement, and he as defendant was not bound to pay in the then state of the case.  Taking both receipts, the docket entries and the lapse of time, before any attempt is made to change these entries or treat them as nullities, there was conclusive evidence of satisfaction by R. B. Fitzgerald and of a release to him.  The release to one releasing all, the original judgment was discharged and no *scire facias* could be issued.

ECCLESTON, J., delivered the opinion of this court.

In the court below the defendant made a motion to quash the writ:

First, because it appears that a *fieri facias* had been issued which was levied upon certain real estate, and had not been countermanded nor in any way disposed of, but continued in full force and operation when the writ of *scire facias* issued.

Secondly, because the judgment on which the present writ issued was satisfied before the issuing of the writ.

The court sustained the motion by ordering the *sci. fa.* to be quashed; from which decision the plaintiff appealed. And he now says, the execution was not outstanding when the *sci. fa.* issued nor was the judgment satisfied. He also contends, that the grounds of defence relied upon could not be available under such a motion, but could only be taken advantage of by plea.

A question of this sort arose in the case of *Holmes vs. Newlands*, 5 *Adol. & Ellis, N. S.*, 367, in 48 *Eng. Com. Law Rep.*, 366. There a *fi. fa.* issued, which was returned *nulla bona.* Afterwards an alias *fi. fa.* was obtained and also a *ca. sa.* The latter of these two writs was set aside for want of a return of the former. Subsequently, a *scire facias* being sued out, the defendant obtained a rule calling on the plaintiff to show cause why this writ should not be set aside on account of the previous proceedings. The court discharged the rule because the *sci. fa.* could not be set aside in that summary manner, but such facts when relied on in defence should be pleaded. The case clearly shows, that where an outstanding execution, whether returned or not, is the ground of defence, the party must plead it to make it available. And this is the rule in England, where it seems to be held, that a levy without a sale and no money is paid, under some circumstances, is a satisfaction of the judgment. If there a plea must be resorted to, we think the present motion cannot be sustained upon either ground relied on by the defendant.

The case of *Holmes vs. Newlands* is also reported in 1 *Davison & Meriv.*, 642, and a branch of it is to be found in 5 *Adolp. & Ellis, N. S.*, 634.

In *Sasscer vs. Walker's Ex'rs*, 5 *G. & J.*, 109, Chief Justice Buchanan says: " The mere taking the property under the *fieri facias* was not itself equivalent to payment, and did.

not amount to a satisfaction of the judgment." This principle is not intended to be impugned in any degree by our reference to *Holmes vs. Newlands* for the purpose of sustaining the position, that the court below were wrong in deciding the present motion to quash in favor of the defendant. It is deemed proper to make this remark, because the opinion of Lord Denman in that case, so far as relates to the effect of a levy or seizure under a *fi. fa.*, may seem to be at variance with the principle announced in 5 *G. & J.*

*Philpot vs. Manuel*, 5 *Dow. & Ry.*, 615, is an authority in support of the principle adopted in *Holmes vs. Newlands*, by discharging the rule because a plea was necessary.

Irregularities apparent upon the face of a *sci. fa.* may be taken advantage of by motion, and should it be conceded there are irregularities depending exclusively upon matters of record, but not appearing on the face of the writ, which may be made the ground of a motion to quash, yet whenever objections to the writ involve questions of fact only, or depend partly upon matters of record and partly upon matters *in pais*, then such objections should be presented by plea; otherwise, a *plaintiff* might be deprived of his right of trial by jury upon issues in fact, which the court is never disposed to do except where it has been sanctioned by practice or by previous decisions. Believing that both objections now relied upon may, when fully disclosed by pleading, present issues in fact proper for the consideration of a jury, we think the motion to quash was not the proper mode of defence.

For the purpose of showing satisfaction of the judgment in support of the second ground of objection to the *sci. fa.*, reliance is placed upon the compromise made with R. B. Fitzgerald, which it is said discharged him, and thereby his co-defendants were also discharged. The evidence relating to which consists of the letter, dated the 28th of May 1844, from plaintiff's attorney to the attorney of R. B. Fitzgerald; the receipt from the former to the latter, dated the 7th of June 1844, for $348.03, and $6.25 costs; the filing of those two papers in court, on the 11th of the same month, together with the sheriff's receipt for $10 costs, and the entry made the

same day on the docket in the following words: "Receipt of plaintiff's attorney for $348.03, and $6.25 costs, in full of judgment against R. B. Fitzgerald, and receipt of sheriff for $10, his costs, filed."

Although the receipt states the amount paid to be in full of the judgment against R. B. Fitzgerald, yet as that amount is less than the sum due, the payment and receipt, unaided by any thing further, could not operate as a discharge or satisfaction of the judgment, even if R. B. Fitzgerald had been the sole defendant. This principle we need not stop to sustain by argument, because it has been fully recognised by numerous decisions in this State, and especially in the late case of *Jones vs. Ricketts,* 7 *Md. Rep.,* 116, and the cases there referred to. But the appellee's counsel says, that in addition to the payment of the money, R. B. Fitzgerald, or his attorney for him, was required by the terms of the arrangement, as proposed in the letter, to give the plaintiff's attorney, in writing, Mr. Speed's agreement, that no advantage would at any time be taken by him in any manner of the compromise; that the required agreement was given, is fully established by the speedy payment of the money and the receipt; and that a compliance with this part of the arrangement, superadded to the payment under the contract, released R. B. Fitzgerald, which operated as a release of all the defendants in the judgment. And if wrong in this view of the subject, the appellee insists that the circumstances just alluded to, when considered in connection with the filing of the papers and the entry made upon the docket, which entry was permitted to remain without any effort to have it corrected up to the date of the *sci. fa.,* are sufficient to sustain the second ground of objection to the writ.

It is of no importance whether the appellee is right or not, in assuming that the circumstances relied upon do prove the giving of Mr. Speed's written agreement. If the evidence does not show it was given, of course the agreement can have no influence upon the subject. But let us see what is the effect of that instrument, considering it as having been executed and delivered. The record shows that Mr. Speed was attorney for the defendants when the judgment was confessed.

That being the case, and not having the agreement before us or any proof showing what were its terms or its design, except what is to be derived from the letter; in this very unsatisfactory state of the evidence, we are disposed to consider Mr. Speed's agreement as one entered into by him, as attorney for the defendants, that no advantage would " at any time be taken by him in any manner of this compromise " with one of the defendants; and that the object and design of the plaintiff in obtaining the agreement was, for the purpose of reserving and protecting his right to recover from the other defendants the balance of the judgment remaining unpaid, after deducting the amount to be paid under the compromise. Whether this view of the agreement may or may not be shown to be erroneous by further evidence on the subject, it is impossible for us at present to form any correct conjecture. If Mr. Speed executed the agreement as attorney for the defendants, and the design of the instrument was such as we have stated, then, so far from its operating to any extent as a release or discharge of the defendants, other than R. B. Fitzgerald, it was a reservation of the right of the plaintiff to hold them responsible, notwithstanding the compromise. To which reservation these defendants are to be considered as assenting, through their attorney, Mr. Speed. And it cannot be doubted, that where two or more persons are bound, jointly, the claimant may release one and reserve his remedy against the others, with their consent. The subject of releasing one party and reserving the remedy against others who are responsible under the same contract, is very fully treated of in *Yates vs. Donaldson*, *5 Md. Rep.*, 389. We also refer to that portion of the opinion of the court of *Queen's Bench*, in *Price vs. Barker*, 30 *Eng. Law & Eq. Rep.*, 157, which relates to the effect of releasing one of several parties, bound as *principals*, and reserving the right to proceed against the others.

Should it be suggested, that as attorney, Mr. Speed had no authority to enter into such an arrangement, we need not enquire whether the suggestion is true; for if it is, then the plaintiff's attorney could not bind him by the compromise, and consequently it could not release the defendants.

The entry on the docket, in addition to the other circumstances, the appellee's counsel seems to consider as a complete discharge or satisfaction of the judgment, even if exclusive of the entry, the proof in the case does not amount to satisfaction. But we do not see how it can be so. We have said the payment and receipt, standing alone, do not amount to a release, and they cannot do so if Mr. Speed's written agreement was executed and delivered to the plaintiff's counsel in the manner and with the design we have stated. The entry is nothing more than a mere statement of the fact, that the receipt of the plaintiff's attorney had been filed, which professes on its face to be in full of the judgment as against R. B. Fitzgerald. If, before filing and making the entry, the receipt was not in law a release or satisfaction, how could the mere filing, and the entry on the docket of such filing, impart to the paper any greater effect or influence upon the rights of the plaintiff than it possessed by virtue of its execution and delivery by the plaintiff's attorney to the defendant, or his attorney? This is not an entry of satisfaction in the ordinary mode, under the sanction or order of the court. Nor can it be regarded as satisfaction of the judgment entered by a clerk, by order of the plaintiff or his attorney, under the act of 1840, ch. 96, which act should be strictly complied with when it is to be made a ground of defence. For without such a compliance, if not with it, the rights of plaintiffs in judgments will be exposed to considerable danger. The present paper is not an *order* to enter satisfaction, neither is it a release under seal, but merely a receipt for a less sum than was due, stating the *same* to be in full of the judgment against *one defendant*. We do not regard the entry as an act of the court but of the clerk, merely noticing the filing of the receipt, as usual in regard to papers filed.

The entry itself shows the receipt to be for a sum less than the judgment and as being in full only in regard to R. B. Fitzgerald, and therefore certainly not designed by the plaintiff or his attorney as an order to the clerk to enter the entire judgment satisfied. The filing of such a receipt and the entry of the filing upon the docket by the clerk, cannot convert it into a release. If it was not one before, it was not one subsequently.

As the judgment will be reversed because the writ could not be quashed upon the present motion, we refrain from expressing any opinion in regard to several points discussed in argument, for the reason, that when the case is fully disclosed by pleadings and evidence, it may present a very different aspect from what it now does.

*Judgment reversed and procedendo ordered.*