# WASHINGTON BOOTH *vs.* BERNARD U. CAMPBELL, Attorney and Trustee of EMILY J. HARPER.

That a *fieri facias* had been issued, levied and returned, and not quashed, countermanded or further proceeded in, is a good plea to a *scire facias*, not on the ground that the levy of an execution amounts to a satisfaction of the judgment, but because a plaintiff is not entitled to have two executions upon the same judgment at the same time.

It is competent for a plaintiff, by taking issue on such a plea, or on replication to show that the execution had been quashed, countermanded or abandoned, or that only part satisfaction has been had under it, and to obtain another execution for the residue, or to maintain a *scire facias* to revive the judgment.

A release or discharge of one of several defendants in a judgment, and jointly liable thereon, operates as a discharge of all.

A naked receipt for less than the amount due, cannot operate as a discharge or satisfaction of the judgment, but if there be some collateral consideration, sufficient in law to support a contract, then the agreement to relinquish the residue is not *nudum pactum;* such collateral consideration superadded to the payment of part is a good accord and satisfaction.

Payment of part of a judgment, with an additional, collateral consideration from the defendant in procuring and delivering to the plaintiff the written agreement of a third party, the procuring of which was a burden or inconvenience to the defendant and a possible benefit to the plaintiff, is sufficient to support the latter's agreement to release the judgment.

APPEAL from the Superior Court of Baltimore city.

This is the second appeal in this case. On the first appeal, reported in 8 *Md. Rep.*, 107, the judgment was reversed and the cause remanded. The facts of the case, as presented on the present appeal, are briefly these:

The appellee, on the 19th of September 1843, recovered, by confession, a judgment for $1600.85, with interest and costs, against the appellant and John B. and Richard B. Fitzgerald, upon their joint and several promissory notes, to J. J. Speed, endorsed to the plaintiff. On the 6th of September 1851, the plaintiff sued out a *scire facias*, on this judgment, against all the defendants therein, which was returned *"nihil,"* as to the others, and "made known," to

72        v.15

Booth vs. Campbell, trustee of Harper.

Booth, the appellant, who appeared and pleaded thereto two pleas, in substance as follows:

1st. That on the 21st of October 1843, before issuing the *scire facias*, the plaintiff caused a *fieri facias* to be issued on this judgment, which, to the amount of the judgment, was levied upon the goods, chattels, lands and tenements of the defendants; that the sheriff made return thereof with a schedule of the property levied on, which said writ and return are now of record in Baltimore county court; and this defendant avers that said writ of *fieri facias* remains unexecuted, except as before stated, and has not been quashed, countermanded, or further proceeded in, but remains of force and effect.

2nd. That on the 28th of May 1844, before issuing the *scire facias*, the plaintiff proposed and offered to R. B. Fitzgerald, one of the defendants in the judgment and jointly answerable therein with this defendant, that if he, the said Fitzgerald, would pay twenty *per cent.* on the amount of the judgment with interest from the 13th of October 1842, and would give' him in writing, J. J. Speed's agreement, that no advantage would be taken by him, the said Speed, in any manner with the compromise so proposed with the said Fitzgerald, he, the plaintiff, would release the judgment; and this defendant avers that the proposal so offered by the plaintiff to said Fitzgerald was acceded to by the latter, and in execution thereof said Fitzgerald on the 7th of June 1844, paid to the plaintiff the twenty *per cent.* upon the judgment, and interest from the 13th of October 1842, and the costs which had accrued thereon, and procured and delivered to the plaintiff the agreement in writing of said Speed, that he, the said Speed, would at no time take any advantage in any manner of the compromise so made with said Fitzgerald; and this defendant further avers, that on the 11th of June 1844, said Fitzgerald, with the knowledge of the plaintiff, and in further execution of said agreement, filed the receipt of the plaintiff for the sum so paid by him with the clerk of Baltimore county court, and in said cause, with an entry thereon of its being in full of said judg-

ment against said Fitzgerald, which entry remains wholly un-altered, and was so unaltered at the date of issuing this *scire facias;* and this defendant avers that the said Speed had been, before the date of the arrangement before stated, the trustee for Emily J. Harper, for whose use this suit is prose-cuted, that as such trustee he had loaned of the funds of the said Emily, the money for which this judgment was con-fessed to the defendants therein named as co-partners in trade, of whom this defendant was one and the said Fitzgerald an-other; that the note given by said defendants to said Speed for the money so loaned, before the institution of said suit against said defendants, had been endorsed over by said Speed to the plaintiff, who had previously thereto been appointed trustee for said Emily in place of said Speed, and that the agreement of said Speed entered into with the plaintiff, not to take advantage of the compromise before stated, was made by him as trustee and in reference to his liability as such trus-tee, and in no other character or right, and was so received and accepted by the plaintiff.

To these pleas the plaintiff demurred, and the court (LEE, J.) sustained this demurrer and gave judgment thereon in favor of the plaintiff, from which the defendant appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Geo. M. Gill,* for the appellant, argued:

1st. That, before issuing the *scire facias,* the *fieri facias* ought to have been countermanded, and the levy under it abandoned. The plaintiff having levied on property of suf-ficient value, must give this up, or cause it to be sold, and the remedy be thereby exhausted, before a *scire facias* can issue. The first plea is in the form given in 2 *Harr. Ent.,* 526, and 2 *Ev. Hurr.,* 112. In 2 *Tidd.,* 1059, it is said that a levy on a defendant's goods, enough to pay the debt, discharges the defendant, and may be pleaded in bar to an action of debt on the judgment. The demurrer to this plea admits that this levy was never countermanded or abandoned.

2nd. The second plea shows satisfaction of the judgment against R. B. Fitzgerald, who paid, it is true, a less sum than the amount, but who, in addition to that payment, obtained the written agreement of Speed, the first trustee, that he would take no advantage, as trustee, of this compromise. To show that where something collateral is done, which may, by possibility, be a benefit to the party receiving a smaller sum in satisfaction of a larger one, the agreement to release is binding, see 5 *East.*, 232, *Fitch vs. Sutton;* 11 *East.*, 390, *Steinman vs. Magnus;* 20 *Johns.*, 78, *Boyd vs. Hitchcock;* 6 *Cranch.*, 253, *Sheehy vs. Mandeville; Forsyth on Compromise,* 17.

3rd. The judgment in this case being against partners or parties jointly liable, satisfaction by one is satisfaction by all, and a release to one, without reservation as against the others, is a release to all. *Smith's Mercantile Law,* 97. 4 *Adol., & Ellis,* 675, *Nicholson vs. Revill.* 6 *Term Rep.*, 525, *Clark vs. Clement.* 3 *Nev. & Perry,* 226, *Field vs. Robins.*

*T. Parkin Scott,* for the appellee, argued:

1st. That the levying of the *fieri facias* was not, in law, a satisfaction of the judgment, and the return of the writ and subsequent arrangement between the parties, show that the levy was abandoned. 8 *Md. Rep.*, 107. The *fieri facias* was not "outstanding" when the *scire facias* issued, but had been returned before. This was not an attempt to have two outstanding executions upon the same judgment at one and the same time, but an effort to revive a judgment, that it might be executed; a total suspension of proceedings for three years rendered a *scire facias* necessary. 7 *G. & J.*, 357, *Mullikin vs. Duvall.* 4 *Simons,* 313, *Williams vs. Craddock.* Again, the plea alleges the levy was on goods and chattels, lands and tenements, but the return shows it was levied on land alone, and the return being alleged by the plea to be of record, the schedule is incorporated into the plea, which shows *land alone* to have been levied on. Now a *record* cannot be contradicted by a plea, and pleading the record is pleading the whole record. 2 *H. & G.*, 82, *Birck-*

*head vs. Saunders.* A demurrer admits all facts *properly pleaded;* it admits in this case what is here pleaded, the record, but not that part of the plea which contradicts the record.

2nd. That the partial payments made were not received, or intended to be, in extinguishment of the judgment, but only in relief of the party paying with a salvo; that no release was executed, and that payment of part is not satisfaction of the whole. 5 *G. & J.,* 356, *Clagett vs. Salmon.* 7 *Md. Rep.,* 116, *Jones vs. Ricketts.* 8 *Md. Rep.,* 107, *Campbell vs. Booth.* 11 *G. & J.,* 11, *Moale vs. Hollins.* 30 *Eng. Law & Eq. Rep.,* 157, *Price vs. Barker.*

BARTOL, J., delivered the opinion of this court:

This case was before this court, on the plaintiff's appeal, at December term 1855, and will be found reported in 8 *Md. Rep.,* 107, when this court reversed the judgment of the court below, and remanded the cause. On the former appeal it was decided that the matters of defence alleged and relied on by the defendant, could not avail in support of a *motion to quash the writ of scire facias,* but if available at all must be presented by plea. When the case was remanded to the Superior Court, the defendant filed two pleas, to which the plaintiff demurred generally, and that court having given judgment, on the demurrer, in favor of the plaintiff, the case is now brought here on appeal by the defendant below, and presents for our consideration the question of the sufficiency of the defendant's pleas.

The first plea alleges that the plaintiff, before issuing the *scire ficias* in the case, caused to be issued a *fieri facias* on the judgment, which was levied upon the goods, chattels, lands and tenements of the defendants, that the sheriff made return thereof, together with a schedule of the property levied upon, that the said writ of *fieri facias* was no further executed, and that the same has not been quashed, countermanded, nor further proceeded in, but remains in full force and effect, &c.

Booth vs. Campbell, trustee of Harper.

We think this is a good plea to the *scire facias*, not upon the ground that the levy of an execution amounts to a satisfaction of the judgment, but because the plaintiff is not entitled to have two executions upon the same judgment at the same time.

It would be competent for the plaintiff, by taking issue on the plea or on replication, to show that the execution has been quashed, countermanded or abandoned, or that only part satisfaction has been had under it, and to obtain another execution for the residue, or maintain a *scire facias* for the renewal of the judgment. See *Sasscer vs. Walker's Executors,* 5 *G. & J.,* 109. *Green vs. Burke,* 23 *Wend.,* 490. 3 *G. & J.,* 384. 3 *Gill,* 346.

We are also of opinion that the matters alleged in the second plea are a valid defence to the *scire facias,* as showing an accord and satisfaction of the judgment by R. B. Fitzgerald, and that it was error in the court below to sustain the demurrer to the second plea.

The judgment was recovered against John B. Fitzgerald, Richard B. Fitzgerald, and the appellant, who were co-partners liable jointly on the judgment. A release or discharge of one of the defendants would operate as a discharge of all. This principle is so well settled as to require no authorities to be cited in its support. If the matters alleged in the plea are sufficient in law to operate a discharge of R. B. Fitzgerald from all liability upon the judgment, the inevitable consequence is, that it cannot be enforced against the appellant; for the just and sufficient reason, that he ought not to be compelled to pay the money, without being entitled to claim contribution from the other defendants, which he cannot do if they have been discharged from the judgment by the act of the plaintiff.

When this case was before this court on the former appeal, several of the facts, which are stated in the second plea, were relied upon by the defendant, in support of his motion to quash; it being then contended that the compromise made with R. B. Fitzgerald, by the plaintiff, the payment by him of the sum of $308.03, and costs, the receipt therefor

Booth *vs.* Campbell, trustee of Harper.

acknowledging it to be in full of the judgment against him, the filing of the receipt in the clerk's office, and the entry upon the docket, amounted in law to a satisfaction of the judgment against him.   In the aspect, however, in which the case was then presented, it appeared that J. J. Speed, Esq., was the attorney of the defendants upon the record, and accompanying the compromise and forming a part of it was an agreement by Mr. Speed, "that he would take no advantage of the compromise," thus made with R. B. Fitzgerald.    It did not appear in what character Mr. Speed made the agreement.   It was argued by the plaintiff's counsel that in making the agreement Mr. Speed acted as attorney for all the defendants; there was nothing to show the contrary; and this court decided that the compromise did not of itself amount to a satisfaction of the judgment; and could not be taken advantage of by the defendants, in the face of an agreement by their counsel, that no such advantage should be taken of it.    The defence now relied on, presents a very different case.    It is alleged in the plea, and admitted by the demurrer, "that Mr. Speed had been before the date of the arrangement, the trustee for Emily J. Harper, for whose use this suit is prosecuted, that as such trustee he had loaned of the funds of the said Emily J. Harper, the money for which the judgment was confessed to the defendants, as co-partners in trade, of which the appellant was one, and the said Fitzgerald another, that the note given by said defendants to said Speed for the money so lent, before the institution of the suit, had been endorsed over by Speed to the plaintiff, (who had previously thereto been appointed trustee for Emily J. Harper, in lieu and stead of said Speed,) and that the agreement of said Speed, entered into with the plaintiff, not to take advantage of the compromise, *was made by him as such trustee, and in reference to his liability as such trustee, and in no other character or right, and as such was received and accepted by the plaintiff,*" &c.

Although the law is well settled, that a mere naked receipt for a sum of money, which is less than the amount due, could not operate as a discharge or satisfaction of the judg-

ment, (8 *Md. Rep.*, 115; 7 *Md. Rep.*, 116; 4 *G. & J.*, 305; 5 *Gill*, 189,) yet it is equally well settled, that if in addition to the part payment, there be some other collateral consideration, such as in law is sufficient to support a contract, then the agreement to relinquish the residue is not *nudum pactum.* Such collateral consideration, superadded to the payment of part, is a good accord and satisfaction. 5 *East.*, 231. 11 *East.*, 390. 14 *Wend.*, 116. 20 *Johns.* 76. 4 *G. & J.*, 309, 310.

In this case the plea alleges such additional collateral consideration from Fitzgerald, in procuring and delivering to the plaintiff the written agreement of Mr. Speed, whereby his liability to his *cestui que trust* was continued, notwithstanding the relinquishment of the claim against the debtors in the judgment. Here was a burden and inconvenience to Fitzgerald, in procuring the agreement, and also a possible benefit to the plaintiff.

*Judgment reversed.*

(Decided June 1st, 1860.)