Barber et al. *vs.* State use of Haller.

for further proceedings.   The costs to be paid out of the estate.

*Decree reversed and cause remanded.*

(Decided January 10th, 1866.)

TOWNSEND BARBER ET AL. *vs.* STATE, USE OF MARY M. HALLER.

BASTARDY : SCIRE FACIAS : RECOGNIZANCE, &C : RECEIPT OF MOTHER—HOW FAR A DISCHARGE OF THE OBLIGATIONS OF THE PUTATIVE FATHER.—In a proceeding under the CODE, ARTICLE 13, SECTION 7, &c., in relation to bastardy, until the recognizance has been given and the order of the Justice has been passed thereon, fixing the sum to be paid by the putative father for the maintenance of the child, the mother of the child may accept from him any sum she may consider adequate compensation for its past maintenance ; and if paid in good faith he would be discharged from his obligation for the period embraced in the settlement.

——: ——: RECEIPT OF THE MOTHER INOPERATIVE TO DISCHARGE THE PUTA-TIVE FATHER FROM LIABILITY FOR THE FUTURE MAINTENANCE OF THE CHILD. —Where a receipt for money paid as above, in terms purports to discharge the putative father from liability for the future maintenance of the child, in that respect it would be wholly inoperative, as plainly against the policy of the law.

RECOGNIZANCE, OBJECT OF IT : CONUSOR NOT RELIEVED FROM OBLIGATION TO THE COUNTY BY AGREEMENT WITH OTHERS.—The recognizance creates an obligation to indemnify the county by providing security for the maintenance of the child, from which the conusor cannot relieve himself by any agree-ment he may make with other persons.

PLEADING : DEMURRER : PRACTICE : JUDGMENT FINAL—ERRONEOUS ENTRY OF : PROCEDENDO.—The defendant pleaded seven pleas to the *scire facias,* to the 1st, 2nd, 3rd, 4th and 6th of which the plaintiff demurred, and traversed the 5th and 7th.   The Court below ruled in favor of the plaintiff on the demur-rers, and thereupon rendered final judgment against the defendants, while it does not appear that the 5th and 7th pleas were withdrawn or abandoned, and the issues of fact thereon were not tried or determined.   On appeal, HELD :

That the final judgment was erroneously entered and must be reversed and the cause remanded upon *procedendo.*

APPEAL from the Circuit Court for Frederick County.

This is an appeal from a judgment in the matter of a *scire facias* issued from the Circuit Court for Frederick County, upon a recognizance in a case of bastardy. It appears from the record that Mary Haller, after having the sole custody and expense of the child in reference to which this case originates, from its birth, April 20th, 1859, to February 27th, 1864, nearly five years, on the day last named, made complaint against the father, the defendant, before a Justice of the Peace ; that the defendant appeared and entered into the usual recognizance to indemnify the county for the support of the child, and then immediately after, by agreement with said Mary Haller, paid her $20, "in full satisfaction of all expenses that have been incurred or may accrue in the maintenance of said child ;" that the said Mary M. Haller accepted the money and executed a full receipt and release to the effect recited, which receipt is admitted in its full force and filed in the cause.

In October following, eight months after the payment of said sum of money and delivery of the said receipt, the said Mary M. Haller, still retaining the custody and providing for the support of the child, applied to a Justice of the Peace for an order, under said recognizance, against said defendant, for the payment of an adequate compensation for the support of said child for the entire five years that have elapsed from its birth up to the intermediate April. The Justice thereupon, as he himself recites, " on the oath of said Mary M. Haller," issued an order, " requiring the defendant to pay the sum of $150—less $20— as an adequate compensation for the support of the child for said five years," &c.

The defendant not obeying said order, *sci. fa.* was issued on said recognizance, from the Circuit Court of Frederick county, as it states " for the use of said Mary M. Haller,"

and at the trial thereunder, on the proceedings and facts which appear in the record, judgment of *fiat* was entered against the defendant for $130 ;—being the extreme limit of $30 *per annum* for the said five years, after deducting the $20, which was paid as in full satisfaction of all said Mary M. Haller's expenditures for the child. From this judgment the defendant has appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*O. Miller* for the appellant.

As preliminary to the main point in issue, but still pressed as material, the appellant under his second plea submits, that the language of the Justice's order, "requiring the defendant to pay the sum of $150—less $20—as an adequate compensation," &c., is not sufficiently expressed and certain. The specific amount here required to be paid, must be matter of inference, determinable by the defendant's own construction of language and calculation.

As to the defendant's plea that there has been no damnification of the county in this case, the technical damnification the county suffers whenever an illegitimate child is born, is not meant to be denied, but that substantial damnification which the proceedings in bastardy contemplate, and are instituted to prevent. And in this connection we rely on the settled law, that the person who has the custody of the child stands in the place of and for the county, as to the fruits of the recognizance, and consequently during such custodianship, the indemnification of the former is the indemnification of the latter. In other words, the custodian cannot be saved harmless, and the county at one and same time be damnified.

The remaining and principal inquiry in the case is,

whether Mary M. Haller, the custodian, was competent to estimate her charge and maintenance, past and prospective, of the child,—the child in fact continuing in her custody during both past and future periods,—and accept a sum in satisfaction and reimbursement of her outlay ?   And if she could not so estimate and agree as to her prospective custodianship, could she not at least do so in regard to the period of custody and maintenance already transpired ?

We believe the propositions involved in both branches of the inquiry to be tenable ;  but it is sufficient for our purpose, if the latter inquiry receive an affirmative answer.

Now it is not contended that Mary M. Haller, by any act of hers, could release and annul the recognizance itself during the period of the seven years which it covers ; it must of course remain for the indemnification of  the county, or its representative, till it has accomplished its object of securing the support of the child from year to year till it arrives at the age of seven  years ; and, undoubtedly, could be resorted to by any other or future custodian of the child within that period.   What we maintain is simply this, that a person having had the sole custody and maintenance of a bastard child, may for that period of custody and maintenance already elapsed, estimate the outlay and trouble incurred, and receive a sum as an equivalent and reimbursement therefor, and especially after bond entered into,—and is estopped from further recourse to the bond for that period once so satisfied.   We know of no authority bearing directly on this point, though *Grantz vs. State*, 4 *H. & J.*, 121, may be referred to ;  but it seems to us the proposition must be conceded.

It is admitted that the recognizance is part of a criminal proceeding, and therefore penal in nature ; but what is its penal operation to enforce ?   Not, we submit, the

Barber et al. *vs.* State use of Haller.

payment annually of a given, fixed sum of money, but " to indemnify the county from any charges that may accrue from the maintenance of said child," or, as amplified in the section of the Act providing for the Justice's order, " to secure the payment to the mother, or other person having the custody of said child, such a sum of money as may appear adequate for the maintenance of such child, not exceeding thirty dollars *per annum*, until said child shall arrive at the age of seven years ;" the said sum of thirty dollars not being mentioned as the sum precisely necessary for the yearly support, but as a limitation within which the true sum may be found. The payment, therefore, of any sum within the thirty dollars *per annum* " adequate for the maintenance of the child," to the party having its custody, meets and exhausts, for the time so paid for, the requirement of the bond. According to *Mong vs. State*, 10 *G. & J.*, 383, " the object of the *scire facias* is to reimburse the custodian for his expenditures."

What is an " adequate sum," then, may be any sum not exceeding thirty dollars *per annum ;* but no fixed or invariable sum is prescribed by the law. It will obviously be affected by the varying circumstances of locality, cost of sustenance, character of support, &c., and of necessity must be matter of inquiry and proof.

Now the issuing of the Justice's order of payment is obviously throughout an *ex-parte* proceeding, being a matter of course, on *prima facie* evidence of the custodian's oath that less than thirty dollars *per annum* has been received, and on such evidence as the Justice may take, without the required presence of the father, as to the amount still required as adequate for the support of the child within the said thirty dollars *per annum*. The protection of the father against this order, if not warranted by the facts, is secured on the return of the *sci. fa.*, which operates as an

appeal therefrom, to the Circuit Court, and when according to the 8th section of the Article on bastardy in the Code, " such proceedings shall be had as shall bring the matter in dispute fairly to trial." Then we submit, the father may show either that he has in fact paid the thirty dollars *per annum*, all that can possibly be required, if even insufficient for the support of the child, or such sum within that limit as was in fact adequate for its maintenance, which is the true sum to be demanded.

Now, before the Justice there was no evidence taken on which the order was issued, but the " oath of said Mary M. Haller," as the order recites, that she had not received as much as thirty dollars *per annum*, and no evidence, so far as we are advised by the record or otherwise, as to what was " an adequate sum for the support" of this particular child.

But, at all events, when " the matter in dispute" came up for revision in the Circuit Court on the *sci. fa.*, there was no evidence adduced or offered bearing upon the question of adequacy of support, but the admitted receipt aforesaid of said Mary M. Haller, given *bona fide*, and with no allegation of fraud, at least against appellant, in which she, the party for whose ".use" the *sci. fa.* was issued, who had the child for the whole period in question, and alone knew her outlay and expenditures, set her estimate and valuation on the same at twenty dollars, and accepted it in satisfaction, settlement and reimbursement thereof.

*I. Nevett Steele* and *W. B. Nelson*, for the appellee.

Two questions arise upon the record in this case.

1st. Was it competent for the parties in this case to compromise the same and thereby oust the criminal jurisdiction of the Courts?

2nd. Admitting the power to compromise, is the payment to the appellee, Mary M. Haller, of the sum of twenty dollars, by the appellant, Barber, a satisfaction of the maintenance due under the recognizance?

Upon the first proposition it has been repeatedly decided by this Court that the proceedings under the Bastardy Acts are criminal proceedings, and that they are not authorized for indemnity to the county alone, but that the principal objects and purposes of said laws are to punish fornication. If such be the law then it is evident that the law will not sanction any such agreements or compromises. *State vs. Phelps,* 9 *Md. Rep.,* 21. *Owens vs. the State,* 10 *Md. Rep.,* 164. *Acts of* 1781, *ch.* 13.

But admitting that the appellant and appellee had the right to settle and compromise this case, it must be upon the assumption that, at the time of such settlement or compromise, there was a legal subsisting debt due by the appellant to the appellee; then, at such time there was due, under the recognizance from appellant to appellee four years' maintenance of the child, and the amount as fixed by the order of the Justice of the Peace in this case, being the sum of thirty dollars *per annum,* the appellant was indebted to the appellee in the sum of one hundred and twenty dollars. There being no release from the appellee, but only a receipt, not under seal, there was no consideration for the release of the difference between twenty dollars, the sum paid, and one hundred and twenty dollars the amount due by the appellant to the appellee. The principle is well settled, that the payment of a less sum of money than the whole debt, without a release, is not satisfaction of the plaintiff's claim. *Geisor vs. Kershour,* 4 *G. & J.,* 305.

The order of the Justice of the Peace is sufficiently certain, the order being for a sum certain, to wit, $150 less $20. *Id certum est, quod certum reddi potest.* Upon these propositions we submit that the appellee is clearly entitled

to recovery of the judgment awarded her by the Circuit Court of Frederick county.

BARTOL, J., delivered the opinion of this Court.

The main question argued by the counsel in this case, and one upon which its ultimate decision must in a great measure depend, is the legal operation and effect of the *receipt* of the 29th of February, 1864, given by Mary Haller to Townsend Barber.

We shall therefore proceed to express our opinion upon this question, without referring at this time, particularly, to the form of the pleadings, or the manner in which the question is presented by the record.

It is very clear to us that if the order of the Justice of the Peace had been previously passed, fixing the sum to be paid for the maintenance of the child at thirty dollars *per annum*, a mere receipt for the sum of twenty dollars, although on its face purporting to be in full, would not discharge the conusors.

It has been settled by many cases " that the payment of a less sum of money than the whole debt, without a release, is no satisfaction of the plaintiff's claim." *Jones vs. Ricketts*, 7 *Md. Rep.*, 108.   4 *G. & J.*, 305.   5 *Gill*, 189.   15 *Md. Rep.*, 569.

But that is not the question here presented. Nearly five years had elapsed after the birth of the child, before any complaint was made by the mother, or any recognizance required ; during that time the child had remained in her custody.

One of the objects of the recognizance being to secure to the custodian of the child a sum to reimburse her for her expenditures in its maintenance, (10 *G. & J.*, 383,) when executed it would of course relate back to the birth of the child, and under it might be recovered for such •expenditures as had been incurred before its date, a sum not ex-

ceeding thirty dollars a year, to be ascertained by the order of the Justice. See *Eccleston vs. The State,* 7 *G. & J.,* 316.

But in such case, if the question were properly presented it would seem, the amount to be recovered in any one action could not exceed the sum of eighty dollars, that being the whole amount of the recognizance.

Here the question is whether the mother or other custodian of the child may not, before any order is passed by the Justice fixing the sum, receive any amount less than thirty dollars a year as a full compensation for the maintenance of the child during the time which had elapsed, and whether her receipt therefor will not operate as a discharge? If done *bona fide* and without any fraud or deception we think such would be its effect.

Until the recognizance has been given, and the order of the Justice has been passed thereon, fixing the sum to be paid, it cannot be said that there is any certain ascertained sum due by the putative father of the child. The code does not prescribe the sum to be paid, but leaves it to be fixed by the order of the Justice, not to exceed thirty dollars per annum. Until such order is passed, there can be no reason why the custodian of the child may not accept from the putative father any sum she may consider adequate compensation for its past maintenance, and if paid in good faith he would be discharged from his obligation for the period embraced in the settlement.

It is argued that these proceedings are in their nature criminal, designed to punish the crime of fornication, and therefore the offender cannot be allowed to escape punishment by a compromise, and the voluntary payment of a sum of money. But the only punishment prescribed by the Code is the maintenance of the child, or the payment of a sum adequate for that purpose, not exceeding thirty dollars per annum. If the putative father maintain the child himself, or voluntarily pays the mother having its custody such sum

as may be agreed on between them, for the past maintenance of the child, whether more or less than thirty dollars a year, and the same be accepted in good faith, in satisfaction for such past maintenance, then he would not be liable upon his recognizance for the payment of any further sum for the period embraced in such settlement.

In the opinion of this Court, the receipt before us if the same was given *bona fide*, would discharge the appellants from any claim upon the recognizance for the antecedent period.

The receipt in terms, purports to discharge Townsend Barber from liability for the expenses of maintaining the child thereafter. In that respect it would be wholly inoperative, as plainly against the policy of the law. To sanction such prospective agreement would defeat the main purpose of the recognizance, which is to indemnify the county by providing security for the maintenance of the child. The recognizance creates an obligation, from which the conusor cannot relieve himself by any agreement he may make with other persons.

We have expressed this opinion as to the legal effect of the receipt, because that question has been argued, and as the case must be sent back for a new trial, its decision is material in the further progress of the cause.

We have had considerable difficulty in dealing with this case, owing to the confused manner in which the record is made up. None of the defendant's pleas properly present the question decided, and if we were to pass upon them severally, as they appear in the record, we should concur with the Circuit Court in its rulings upon the demurrers, that is to say if the first plea is to be construed as raising the question that notice was necessary to be given to the sureties as well as the principal.

But in the present condition of the record there appears to be manifest error in the judgment. The defendant pleaded seven pleas to the *scire facias* to the 1st, 2nd, 3rd, 4th and 6th, the plaintiff demurred and traversed the 5th, and 7th.

The record shows that the Circuit Court ruled in favor of the plaintiff on the demurrers, and thereupon rendered final judgment against the defendants, while it does not appear that the 5th and 7th pleas were withdrawn or abandoned, and the issues of fact thereon were not tried or determined.

No notice was taken of this irregularity by the counsel in their printed arguments. But the final judgment being erroneously entered must be reversed and the cause remanded upon *procedendo;* when the defendants will have an opportunity of presenting their defence properly in their pleading, and the *bona fides* of the receipt if it is questioned may be passed upon by the jury.

*Judgment reversed and*
*procedendo awarded.*

